**In the Matter of the Wire Interception of Oral Communications of Al PERSICO et al.**

No. 73 C 1213.

United States District Court, E. D. New York.

Aug. 20, 1973.

Jeffrey C. Hoffman, New York City (Lenefsky, Gallina, Mass, Berne & Hoffman, New York City, of counsel), for moving parties.

Robert G. Del Grosso, Verona, N. J. (Robert A. Morse, U. S. Atty., Denis E. Dillon, Brooklyn, N. Y., Atty. in Charge, Organized Crime Section, of counsel), for the Government.

## MEMORANDUM and ORDER

DOOLING, District Judge.

As required by 18 U.S.C. § 2518(8)(d) an inventory-notification was served on Al and Dolores Persico disclosing that their home telephone in Brooklyn had been the subject of interception for the fifteen-day periods commencing March 25, 1973, and April 9, 1973. Theodore Persico, a frequent visitor at his brother's home, has joined his brother and his sister-in-law in moving under Section 2518(8)(d) for an order requiring the disclosure to the movants of the intercepted communications, interception orders, and applications for orders. The Government had not moved for or obtained an *ex parte* or other order (see Section 2518(8)(d) last sentence) postponing the serving of the inventory required by Section 2518(8)(d). However, the United States Attorney represented at the hearing on August 17, 1973, that the investigation which occasioned the interception orders and the interceptions is continuing; he declined to say whether the suspect conduct was still in progress; he opposed disclosure of the material sought on the ground that the investigation was continuing and had not yet been brought to indictment.

The application is premature. If any use in evidence of the intercepts is attempted, movants may apply for a suppression order under Section 2518(10). If any of the movants is indicted, disclosure of the intercepts affecting him will almost automatically be made in pretrial proceedings, and, of course, the orders and the papers on which they were made will be unsealed for study in the usual way. If any improper disclosure or use is made of the intercepts affecting any of the movants, Section 2520 gives a remedy by an action for civil damages. But disclosure at this time could jeopardize the continuing investigation, and it would serve no interest of justice not better served by delaying disclosure until after indictment, or after abandonment of the investigation.

Movants suggest that there could have been no probable cause basis for intercepting telephone calls to and from this residence, and that they will be able so to demonstrate from the orders and the papers submitted to obtain the orders. They argue that the Court should at least examine the orders, and the applications for them, *in camera* and determine whether the papers met the probable cause requirements of Section 2518(3)(a), (b) and (d). But that *in camera* or *ex parte* examination of the basis of the order was the very role which the judge signing the order performed, as required by Section 2518(1), (2), (3), (4) and (5). There is no room for an argument that a second judge should track the steps of the judge who issued the order in the hope that the two might disagree. Judges of coordinate jurisdiction do not, except in the most extraordinary situations, have the function of reviewing each other's orders.

It is accordingly,

Ordered that the motion is in all respects denied.