Petition of Earl **LEPPO**, Movant-Appellant,

In re

The **UNITED STATES** of America, Plaintiff-Appellee,

v.

Martin **SKLAROFF**, Defendant.

No. 73–3316.

United States Court of Appeals, Fifth Circuit.

July 29, 1974.

Richard H. Gens, Martin K. Leppo, Boston, Mass., for movant-appellant.

Marilu Marshall, Sp. Atty., U. S. Dept. of Justice, Miami, Fla., Marc P. Richman, Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before TUTTLE, COLEMAN and AINSWORTH, Circuit Judges.

COLEMAN, Circuit Judge.

On July 30, 1973, Earl Leppo, a resident of Boston, filed a motion in the Southern District of Florida. It was dismissed and we affirm.

The motion was brief and discussion of the appeal from the dismissal will be facilitated by copying it in full, as follows:

MOTION FOR THE DISCLOSURE OF INVENTORY OF INTERCEPTED WIRE COMMUNICATIONS PURSUANT TO 18 U.S.C. SECTION 2518(10)(a).

Earl Leppo hereby states that presumably pursuant to 18 U.S.C. Section 2516(1) an order was entered by the United States District Court for the Southern District of Florida authorizing and approving the interception of wire communications during the course of an investigation in Miami, Florida of Martin Sklaroff.

The petitioner further states that although a named party to such intercepted oral communications, he never received disclosure of the same. Such omission was in direct violation of 18 U.S.C. Section 2518(9), which provides: "The contents of any intercepted wire or oral communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party not less than ten days before the trial, hearing, or proceeding has been furnished with a copy of the court order, an accompanying application, under which the interception was authorized or approved".

The petitioner further states that such intercepted oral communications were unlawfully disclosed in the Affidavit For Search Warrant of which John F. Jansen, a Special Agent of the Federal Bureau of Investigation was the affiant and which was authorized and approved by the United States District Court for the District of Massachusetts as against the person of your petitioner, whose constitutional rights were violated thereby.

The petitioner further states that as a result of such disclosures he is an aggrieved person under 18 U.S.C. Section 2518(10)(a), which provides: "Any aggrieved person in any trial, hearing, or proceeding in or before the court, department, officer, agency, regulatory body, or any authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom . . ."

Earl Leppo hereby moves this Court to direct the production and disclosure of affidavits which requested the aforementioned wiretap, the order which authorized and approved said wiretap, all documents supporting the issuance thereof, and all records and transcripts the fruits thereof.

The statutes invoked by the movant read as follows:

18 U.S.C., § 2518(9).

(9) The contents of any intercepted wire or oral communication or evi-

dence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved. This ten-day period may be waived by the judge if he finds that it was not possible to furnish the party with the above information ten days before the trial, hearing, or proceeding and that the party will not be prejudiced by the delay in receiving such information.

18 U.S.C., § 2518(10)(a).

(10)(a) Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—

> (i) the communication was unlawfully intercepted;
>
> (ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or
>
> (iii) the interception was not made in conformity with the order of authorization or approval.

Such motion shall be made before the trial, hearing, or proceeding unless there was no opportunity to make such motion or the person was not aware of the grounds of the motion. If the motion is granted, the contents of the intercepted wire or oral communication, or evidence derived therefrom, shall be treated as having been obtained in violation of this chapter. The judge, upon the filing of such motion by the aggrieved person, may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interests of justice.

■ By briefs of the parties and concessions of counsel at oral argument, it is undisputed that the order originally authorizing the interception at issue was entered on June 7, 1973 for a period of fifteen days. On June 27 it was extended until July 12. Leppo has not been indicted. He is not a defendant in any criminal proceeding. The dismissed motion did not seek in the Southern District of Florida return of the property allegedly seized in Boston [about which we express no opinion as to venue or jurisdiction]. Appellant has filed no civil action as allowed by 18 U.S.C., § 2520.

Even more decisively, on August 29, 1973 and September 19, 1973, the appellant was served with inventory notices pursuant to 18 U.S.C. § 2518(8)(d), informing him of the entry of the orders, the dates thereof, the telephone numbers intercepted, and the fact that communications were intercepted.

Thus, Leppo has received everything he sought in his motion except "all records and transcripts the fruits thereof [the interceptions]".

■ As to the latter material, by the very words of 18 U.S.C., § 2518(9) the appellant would be entitled to obtain it only in the event of "a trial, hearing, or proceeding". Congress here referred to "adversary type hearings", such as a trial, a probation revocation proceeding, or a hearing on motion for reduction of sentence. It would not include a Grand Jury hearing. See Senate Report No. 1097, 1968 United States Code, Congressional and Administrative News, at page 2195. An application for a search warrant is, of course, not an adversary proceeding. Such applications are presented *ex parte* to the Magistrate, whose function it is to decide the presence or absence of probable cause.

The same rationale applies to the language used in 18 U.S.C., § 2518(10)(a).

To be sure, 18 U.S.C., § 2518(8), *not invoked in the motion,* does provide that

the judge "may in his discretion make available * * * * for inspection such portions of the intercepted communications". This is a part of the code section under which the government mandatorily provided the inventories on August 29 and September 19. The appellant should have filed his motion for inspection after either or both of those dates. Such a motion on July 30 was entirely premature, which is obviously the reason that appellant at that point did not seek to invoke 18 U.S.C., § 2518(8).

The judgment of the District Court is Affirmed.