In the Matter of the APPLICATION OF the UNITED STATES FOR AN ORDER AUTHORIZING INTERCEPTION OF WIRE AND ORAL COMMUNICATIONS.

Misc. No. 330–I.

United States District Court,
E. D. Louisiana.

Aug. 22, 1980.

John Volz, U. S. Atty., New Orleans, La., L. Eades Hogue, Atty. in Charge, U. S. Dept. Justice, John Voorhees, U. S. Dept. of Justice, New Orleans, La., for plaintiff.

Robert Kasanof and Bart M. Schwartz, New York City, Attys. for movant.

Dan Keefe of Charles N. Wooten, Ltd., Lafayette, La., for defendant.

CHARLES SCHWARTZ, Jr., District Judge.

This matter is before the Court on a motion for inspection of an application and order authorizing interception of wire and oral communications and to inspect recordings and transcripts of intercepted communications. At the request of movant and the government all pleadings in connection with said motion have been sealed and the hearing on the motion was closed except to counsel for the parties and the Court's staff. Following oral argument the matter was submitted. Counsel for mover requested an opportunity to provide the Court with additional legal authority and has at this time done so. Now, after careful consideration of the record in this matter, the memoranda and oral argument of counsel, and the applicable law, it is the opinion of the Court, for the reasons hereinafter set out, that the motion should be and it is hereby DENIED.

Movant has received an inventory notice from the United States Attorney in this district pursuant to 18 U.S.C. § 2518(8)(d) advising him that, with judicial authorization, certain of his wire and oral communications had been intercepted. Movant does not contest the sufficiency of the inventory notice itself, but, by means of the instant motion, seeks to inspect the application and accompanying affidavits filed by the United States in support of the surveillance, the Court's order authorizing same, and the recordings and transcripts of the intercepted communications to which movant was a party. Conceding that mover, who has neither been indicted nor called before a grand jury, is not entitled to invoke 18 U.S.C. § 2518(9) and (10)(a), disclosure is sought pursuant to § 2518(8)(d) which provides:

(d) Within a reasonable time but not later than ninety days after the filing of an application for an order of approval under section 2518(7)(b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of—

(1) the fact of the entry of the order or the application;

(2) the date of the entry and the period of authorized, approved or disapproved interception, or the denial of the application; and

(3) the fact that during the period wire or oral communications were or were not intercepted.

*The judge, upon the filing of a motion, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice. On an ex parte showing of good*

cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed.
*Emphasis supplied.*

The government opposes the motion on the basis that mover is not entitled to disclosure of the material sought and that such disclosure would severely compromise an ongoing grand jury investigation. In support of its contention with regard to the grand jury investigation, the government has filed *ex parte* an affidavit giving details of the investigation for the Court's *in camera* review.

■ Mover urges that merely being advised that there is an ongoing grand jury investigation is insufficient for purposes of allowing him to argue his case for disclosure and urges that an *in camera* inspection is not appropriate in this case. The government takes the position that such procedure is necessary in order to prevent intrusion upon the secrecy of the grand jury proceedings. We are of the opinion that *in camera* examinations are an appropriate means for resolving a conflict between the need of a party for evidence and the government's claim that disclosure is not in the interests of justice or public security. *United States v. Brown*, 539 F.2d 467, 470 (5th Cir., 1976); *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir., 1978) *cert. den'd*, 440 U.S. 982, 99 S.Ct. 1792, 60 L.Ed.2d 242 (1979).

As the quoted statute clearly provides, the determination as to whether or not to disclose pursuant to § 2518(8)(d) is within the discretion of the Court in light of the Court's determination as to what will serve the interest of justice. Such determination will necessarily have to depend on the circumstances of a given case. In making a decision in this matter, we note that we have discovered no authorities which are binding on us which set forth any guidelines by which we should proceed to analyze a claim of this nature. The Court has, however, carefully studied the United States District Court decisions in *Application of the United States Authorizing Interception of Wire Communications*, 413 F.Supp. 1321 (E.D.Pa., 1976) and *In Re Persico*, 362 F.Supp. 713 (E.D.N.Y., 1973), both of which address the issue before this Court, and find them most persuasive.

■ Obviously, this Court is of the opinion that there was probably cause for the issuance of the Order approving the surveillance which resulted in the interception of movant's communications as it was this Court which approved the government's application and issued the Order in question. Movant in this case has not been indicted nor called before the grand jury.[1] He has been advised of the fact of the surveillance by means of the inventory. The motion in this case does not raise any factual basis upon which to determine that it is in the interests of justice to grant the requested disclosure at the present time. On the contrary, the Court's *in camera* inspection of the government's *ex parte* submission, as well as its review of the application, Order, progress reports, and summaries of the questioned surveillance, compel the conclusion that the interests of justice in this case are best served by non-disclosure, a conclusion which the Court believes is supported by the law and the jurisprudence.

■ Finally, we note that mover alleges that disclosure is required to allow him to determine whether or not to file suit pursuant to 18 U.S.C. § 2520. Assuming that mover has such a claim, we believe, in accord with the opinion in *Application of the United States, etc.*, supra, 413 F.Supp. at 1355, no limitation period runs during the

---

1. However, even if called before a grand jury, he would not be entitled to disclosure of the materials or a motion to suppress them pursuant to 18 U.S.C. § 2518(9) or (10)(a) as a grand jury hearing is not included within the statute's definition of "trial, hearing, or other proceeding." See, *In Re Grand Jury Proceedings*, 522 F.2d 196 (5th Cir., 1975); *Petition of Leppo*, 497 F.2d 954 (5th Cir., 1974); *United States v. Best*,

363 F.Supp. 11, 19 (S.D.Ga., 1973). Although, disclosure pursuant to § 2518(8)(d) is not controlled by these cases, they serve to buttress our conclusion that, absent particular circumstances compelling disclosure, a party who is not indicted nor called before a grand jury is not entitled to routine disclosure pursuant to § 2518(8)(d).

period that the potential claimant is prevented by court order from discovering the materials which he would need to pursue such claim. Accordingly, we hold that during any period in which mover is denied access to materials sufficient to allow him to ascertain whether or not he has a claim pursuant to § 2520, no limitation period shall run against such claim.