**In the Matter of the Application of the UNITED STATES FOR AN ORDER AUTHORIZING the INTERCEPTION OF ORAL COMMUNICATIONS AT the PREMISES KNOWN AS CALLE MAYAGUEZ 212, HATO REY, PUERTO RICO.**

**Application of José E. CARRERAS, Federico Lora, Miguel Pérez García, Avelino González, Angel Agosto, Jorge Farinacci, Juan Ramón Acevedo, Ana Rosa Biascochea, Unión de Trabajadores Petroquímicos, Hermandad de Empleados No Docentes Universidad de Puerto Rico, Unión Independiente de Trabajadores de Aeropuerto, Asociación Nacional de Empleados Públicos, Unión Independiente de Trabajadores de Servicios Legales.**

**Misc. No. 81–0035 (PG).**

United States District Court,
D. Puerto Rico.

Aug. 31, 1982.

Vilma Santiago Irizarry, Río Piedras, P. R., José Antonio Lugo, New York City, Pedro Varela, Hato Rey, P. R., for movants.

David D. Buvinger, U. S. Dept. of Justice, Hato Rey, P. R., for government.

## OPINION AND ORDER

PEREZ–GIMENEZ, District Judge.

Present before the Court is a motion for inspection, pursuant to 18 U.S.C. 2518(8)(d), and a memorandum in support thereof. Said motion was prompted by a notice of inventory from the United States Attorney in this district advising the persons and entities that appear in the title of the motion for inspection that the Court had authorized the interception of oral communications at the premises known as Calle Mayaguez 212, Hato Rey, Puerto Rico. Movants now seek to inspect copies of the applications for orders pursuant to 18 U.S.C. 2518, all orders relative thereto, all applications for extension of the time of service of the inventory required by 18 U.S.C. 2518(8)(d), and any orders relative thereto, and all records, documents, logs, transcripts, tapes, memoranda or other memorializations of the interception of any oral communications.

Disclosure is sought pursuant to 2518(8)(d), which provides:

"(d) Within a reasonable time but not later than ninety days after the filing of an application for an order of approval under section 2518(7b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the appli-

cation, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, on inventory which shall include notice of (1) the fact of the entry of the order or the application, (2) the date of the entry and the period authorized, approved, or disapproved interception, or the denial of the application; and (3) the fact that during the period wire or oral communications were or were not interchanged."

■ The judge, upon the filing of a motion, *may in his discretion*, make available to such persons or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice. On an *ex parte* showing of good cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed.

The government has filed a response in opposition to the motion for inspection, on July 21, 1982. On this same date the Government filed an *ex parte* memorandum in support of its *ex parte* submission for in camera inspection and an in camera affidavit. The Government opposes the motion on the basis that production of the material sought would hinder a pending grand jury investigation relative to the events and circumstances which led to the grant of the wiretap authorization orders. Movants filed on August 9, 1982, a reply to the Government's response.

In his affidavit in support of the motion for inspection, counsel for the movants alleges that "(u)pon information and belief, confidential attorney-client communications were indeed overheard and/or recorded, transcribed and memorialized..." and that access to the materials sought are "absolutely indispensable in order for movants to ascertain the nature and extent of any violation of their federal constitutional and/or statutory rights, privileges and immunities" in order to pursue the civil remedies provided for in 18 U.S.C. 2520.

■ After a careful review of the parties' arguments and a thorough in camera inspection of the Government's *ex parte* submission, as well as its review of the application and Order, the Court concludes that the importance of assuring that grand jury proceedings remain secret and free from prejudice outweighs movants' interest in discovering the degree to which the Government has intruded into their private affairs. All the material contained in the documents submitted by the Government for in camera inspection are of such a sensitive nature that revelation of any of it would prejudice the Government in the ongoing jury investigation. See, *e.g., Application of the U. S. for an Order Authorizing Interception of Wire and Oral Communications*, 495 F.Supp. 282 (E.D.La., 1980); *Application of the U. S. Authorizing Interception of Wire Communications*, 413 F.Supp. 1321 (E.D.Pa., 1976).

■ Furthermore, we find, as we did prior to signing the authorization order, that there was probable cause for the issuance of the Order approving the surveillance which resulted in the interception of movants' communications, in compliance with the requirements of 18 U.S.C. 2518(3)–(6) and the application for the wiretap authorization comports fully with the requirements of 18 U.S.C. 2518(1).

■ Movants' first argument centers on the impairment to effective assistance of attorney-client conversations. There was no intended or actual interference with the representation of movants-attorneys' clients and, thus, no violation of the Sixth Amendment right to counsel. See, *e.g., United States v. Saadé*, 652 F.2d 1126 (1 Cir., 1981). The mere assertion of attorney-client privilege is not enough. The attorney-client privilege protects from disclosure confidential communications made by a client to his attorney, not the attorney-client relationship as a whole. *Matter of Walsh*, 623 F.2d 489 (6 Cir., 1980). In a grand jury proceeding the attorney may refuse to answer questions he believes to be protected by the attorney-client privilege or in a judicial proceeding he may serve an objection to an interrogatory, a request for production, or a

request for admission. Since the burden of establishing the existence of a privilege rests on the party asserting it, *In Re Grand Jury Empanelled February 14, 1978,* 603 F.2d 469 (3 Cir., 1979), the attorney would have to establish the elements of the privilege as to each record sought and each question asked so that the court can rule with specificity. *United States v. Hodgson,* 492 F.2d 1175 (10 Cir., 1974). In the present circumstances movants have not been indicted nor called before a grand jury. Furthermore, we find that minimization of surveillance was made in accordance with the requirements of Section 2518.

Movants seek support from the decision of *United States v. Warrant Authorizing, etc.,* 521 F.Supp. 190 (D.N.H., 1981), rev'd and remanded per curiam, 673 F.2d 5, 6 (1 Cir., 1982). Said case is not applicable to the motion herein since, as stated by the First Circuit, the district court never actually ruled on the movant's request to inspect documents pursuant to 18 U.S.C. 2518(8)(d).

█ Movants' second and final argument that disclosure is required to allow them to pursue the civil remedies provided for in 18 U.S.C. 2520 is principally a question of timing. We determine, as in the cases of *Application of U. S. Authorizing Interception, etc., supra* ; and *Application of U. S. for an Order, etc., supra,* that movants' interest in obtaining the wiretap material now, for the purpose of the preparation and commencement of a civil action, is outweighed by the possible prejudice to the grand jury investigation which would result from such disclosure. Moreover, we are aware that 18 U.S.C. 2520 provides that a good faith reliance on a court order shall constitute a complete defense to any civil or criminal action brought under 18 U.S.C. 2510, et seq., or under any other law.

Accordingly, for all of the reasons set forth in this Opinion, the Court hereby DENIES movants' motion.

IT IS SO ORDERED.