## TAGLIANETTI *v.* UNITED STATES.

No. 446. Decided March 24, 1969.

*Raymond LaFazia* for petitioner.

*Solicitor General Griswold* and *Assistant Attorney General Rogovin* for the United States.

PER CURIAM.

The petition for certiorari is granted and the judgment of the Court of Appeals is affirmed.[1] Following a jury trial in the District Court, petitioner was convicted on three counts of wilfully attempting to evade his income tax for the years 1956, 1957, and 1958. Following a remand to the District Court, the Court of Appeals affirmed the convictions. In the District Court on

---

[1] Although this petition for certiorari was not filed within the 30 days allowed by the Court's Rule 22 (2), the time limitation is not jurisdictional, *Heflin* v. *United States,* 358 U. S. 415, 418, n. 7 (1959), and does not bar our exercise of discretion to consider this case.

remand, the Government purported to turn over to petitioner all of his own conversations which had been overheard by means of unlawful electronic surveillance.[2] Petitioner argues that he was entitled to examine additional surveillance records because neither the Government nor the District Court was able to determine with certainty which conversations petitioner had been a party to. In fact, the District Court examined all the records *in camera* to ascertain if the Government had correctly identified petitioner's voice and had turned over to petitioner each conversation in which he had participated.

Nothing in *Alderman* v. *United States, Ivanov* v. *United States,* or *Butenko* v. *United States, ante,* p. 165, requires an adversary proceeding and full disclosure for resolution of every issue raised by an electronic surveillance. On the contrary, an adversary proceeding and disclosure were required in those cases, not for lack of confidence in the integrity of government counsel or the trial judge, but only because the *in camera* procedures at issue there would have been an inadequate means to safeguard a defendant's Fourth Amendment rights. Here the defendant was entitled to see a transcript of his own conversations and nothing else. He had no right to rummage in government files. The trial court was asked to identify only those instances of surveillance which petitioner had standing to challenge under the Fourth Amendment exclusionary rule and to double-check the accuracy of the Government's voice identifications. Under the circumstances presented here, we can-

---

[2] Petitioner sought disclosure only of his own conversations and apparently lacks standing as to any others. "We do not understand appellant to argue that he has a right to inspect logs or memos of conversations in which he was not a participant. Indeed, that point he wisely conceded before the district court." 398 F. 2d 558, 571.

318

not hold that "the task is too complex, and the margin for error too great, to rely wholly on the *in camera* judgment of the trial court." *Alderman* v. *United States, supra,* at 182.

MR. JUSTICE BLACK concurs in the result.

MR. JUSTICE MARSHALL took no part in the consideration or disposition of this case.