The UNITED STATES
v.
Cleveland Louis SELLERS, Jr.

Crim. No. 25192.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 16, 1970.

See, also, D.C., 315 F.Supp. 1024.

Julian M. Longley, Asst. U. S. Atty., Atlanta, Ga., for plaintiff.

Howard Moore, Jr., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Judgment against the above-named defendant having been vacated and the case remanded to this court by the United States Supreme Court for further consideration in light of Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), the defendant has now moved the court for an order directing the Government (1) to produce for his inspection the intercept logs here involved, and (2) to furnish defendant with the names, current addresses and occupations of all persons who participated in the surveillance which resulted in the compilation and preparation of such intercept logs, and/or who now have or ever had custody of said intercept logs, or any of them, or the fruits of said surveillance.

The Government has presented to the court for in camera inspection all in-

tercept logs which have been compiled on this defendant in order that the court might determine (1) whether the surveillances were unlawful and if so, (2) whether this defendant has standing to assert that unlawfulness. *See* Aiderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969); Giordano v. United States, 394 U.S. 310, 89 S.Ct. 1164, 22 L.Ed.2d 297 (1969); Taglianetti v. United States, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969).[1] The court finds that the surveillances in question were conducted in violation of the Federal Communications Act and that the conversations in question were participated in by this defendant. Nevertheless, it does not appear that this defendant is entitled to examine the conversations in question. The only surveillances which were conducted took place in 1965, while the criminal activity for which Sellers was indicted and convicted did not take place until May 1, 1967. Furthermore, Sellers was charged with failing to report for and submit to induction into the armed forces of the United States and there is not the slightest possibility that conversations in which he participated 18 to 22 months previously had anything whatever to do with his conviction for that offense.

■■    The court recognizes that under *Alderman* a defendant has the right to examine records of unlawful surveillances without the court having first screened them for relevancy, but implicit in the *Alderman* rationale is a requirement that there be at least a remote possibility that the surveillances *could* have resulted in the use of tainted evidence to convict the defendant, *i.e.*, while the court is not permitted to examine the content of surveillance records in order to separate relevant conversations from irrelevant ones, when it is manifestly impossible that the surveillance led to evidence bearing upon the criminal activity with which the defendant is charged it may be concluded as a matter of law that the surveillance could not have tainted the particular conviction no matter what the conversation contained.

■    In the circumstances existing in the instant case there is not the slightest possibility that the conviction was tainted by the unlawful surveillances. The only evidence necessary to convict for failing to report for and submit to induction is evidence that an order to report was issued by the draft board and evidence that the defendant wilfully and knowingly failed or neglected to obey that order. It would be impossible for the Government to obtain a conviction on the basis of any other evidence and the court therefore concludes that *Alderman* does not require the Government to produce the surveillance logs in question.

■    We believe the foregoing to be a correct exposition of the *Alderman* ruling as applied to the facts of this case. However, we recognize the fact that if we are in error our refusal to permit this defendant to examine the logs in question would necessitate further proceedings in this court. Therefore, in the exercise of its sound discretion to permit discovery even where not required to do so, and in the interest of expediting final decision in a case which already has been pending far too long, the court directs the Government to permit this defendant and his counsel to examine the logs in question and further directs the Court Clerk to set the case down for a hearing at which defendant will be afforded an opportunity to present evidence demonstrating that evi-

---

1. This procedure is authorized by each of the three cases cited in the text, for it is only illegally overheard conversations which must be disclosed. In *Alderman* the Court assumed illegality of the surveillance for purposes of its order. In *Giordano* the Court pointed out that "a finding by the District Court that the surveillance was lawful would make disclosure and further proceedings unnecessary." In *Taglianetti* the Court specifically approved the District Court's in camera determination of standing with regard to specific conversations which had been recorded.

dence used by the Government to obtain his conviction was tainted by the illegal surveillances.

In so directing the court orders defendant and his counsel to divulge to no other person any information whatsoever regarding these surveillance logs or the conversations they report, including, but not limited to, the time and location and the participants therein. Defendant's request for the names and other information regarding those who participated in the surveillances and those who have had custody of the logs is denied.

It is so ordered.

See, also, D.C., 315 F.Supp. 1022.