431 F.2d 70
 UNITED STATES of America ex rel. Venson Eugene WILLIAMS,
Petitioner-Appellant,
v.
A. L. DUTTON, Warden, Georgia State Prison, Respondent-Appellee.
 No. 28184 Summary Calendar.*
*Rule 18, 5th Cir., See Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York, et al., 5th Cir. 1970,
 
 431 F.2d 409, PartI.
 United States Court of Appeals, Fifth Circuit.
 Sept. 9, 1970.
 Hoke Smith, James W. Dorsey, Atlanta, Ga., M. M. Armistead, Decatur, Ga., Lynn A. Downey, Atlanta, Ga., for petitioner-appellant.
 Reid Merritt, Dist. Atty., Lawrenceville, Ga., Alfred L. Evans, Jr., Asst. Atty. Gen., Atlanta, Ga., Arthur K. Bolton, Atty. Gen., Harold N. Hill, Jr., Executive Asst. Atty. Gen., Marion O. Gordon, Asst. Atty. Gen., for respondent-appellee.
 Before GEWIN, GOLDBERG and DYER, Circuit Judges.
 GEWIN, Circuit Judge.
 
 
 1
 In this case the appellant contends that an in camera examination of the state's evidence is inadequate, under Alderman v. United States,[1] to determine whether evidence favorable to him has been withheld. In the circumstances disclosed by the record we reject this contention and affirm.
 
 
 2
 Appellant Venson Eugene Williams was convicted of murder in connection with the slaying of three police officers in Gwinnett County, Georgia. He was convicted by a jury and sentenced to die in the electric chair. This conviction was upheld by the Supreme Court of Georgia.[2] Subsequently, he brought his petition for writ of habeas corpus in the United States District Court for the Northern District of Georgia complaining, among other things, of the refusal of the state trial judge to compel the state to produce certain documents and tape recordings which he desired to use in his defense.
 
 
 3
 The cause eventually reached this court and on August 20, 1968, this court, in Williams v. Dutton[3] remanded the case for an in camera proceeding to determine whether the evidence sought was material either to guilt or to punishment. In obedience to this mandate, both the state court and the United States District Court conducted careful in camera investigations reaching the conclusion that the matter sought was not material to either of said questions.[4]
 
 
 4
 Appellant now renews his request to examine the evidence personally, claiming Alderman, supra, as support for his position that he is being denied the benefits of that decision. Alderman dealt with evidence obtained by illegal surveillance in violation of defendants'[5] Fourth Amendment rights. The Court there held that in the circumstances the government was required either to disclose all illegally collected information or to dismiss the suit. Pointing to the complex nature of the cases involved and the large volume of evidence collected, the Court found the in camera proceedings inappropriate. Only through a full adversary hearing could the government overcome its burden of showing that the evidence was not constitutionally tainted. The Court ascribed primary importance to two circumstances: the danger that the trial court, in examining the complex mass of evidence, would inadvertently overlook subtle innuendos in the evidence which would be useful to someone more familiar with the circumstances of the case; and the time consuming burden on the court entailed in careful examination of the large volume of evidence.
 
 
 5
 The circumstances of this case are not the same. Appellant here seeks discovery of evidence alleged to be material to his defense in an ordinary criminal case; he does not seek the evidence to substantiate an alleged violation of a constitutional right. The Alderman rationale is therefore not applicable.
 
 
 6
 In both the volume of the material to be examined and the complexity and difficulty of the judgments involved, cases involving electronic surveillance will probably differ markedly from those situations in the criminal law where in camera procedures have been found acceptable to some extent.[6]
 
 
 7
 Appellant apparently believes that Alderman has condemned all in camera investigations. That is not the case, as is indicated by the above quoted language. The Fourth Circuit has so held in United States v. Mitchel, a case strikingly similar to this one.[7] Moreover, in Taglianetti v. United States,[8] decided two weeks after Alderman, the Supreme Court affirmed a holding that a United States District Court was justified, after an in camera examination of evidence, in finding that no evidence or leads affecting defendant's trial were generated by the government's illegal electronic surveillance. Of Alderman the Court said:
 
 
 8
 Nothing in Alderman v. United States * * * requires an adversary proceeding and full disclosure for resolution of every issue raised by an electronic surveillance. On the contrary, an adversary proceeding and disclosure were required in those cases, not for lack of confidence in the integrity of government counsel or the trial judge, but only because the in camera procedures at issue there would have been inadequate means to safeguard a defendant's Fourth Amendment rights. Here the defendant was entitled to see a transcript of his own conversations and nothing else. He had no right to rummage in government files. * * * Under the circumstances presented here, we cannot hold that 'the task is too complex, and the margin for error too great, to rely wholly on the in camera judgment of the trial court.'[9]
 
 
 9
 We thus conclude that the law affecting this case has not been altered by Alderman. This court has already decided after careful deliberation that an in camera examination of evidence is appropriate in this case:
 
 
 10
 * * * we think that the question should be determined in camera by the state courts. If, after examination of the demanded evidence, the state court determines that favorable evidence 'material either to guilt or to punishment' has been suppressed, then Williams must be granted a new trial.
 
 
 11
 We realize that this requirement places an added burden on the trial court and it is with great reluctance that we impose it. However, we think that the alternative procedures for safeguarding the rights of criminal defendants are undesirable. The right of the accused to have evidence material to his defense cannot depend on the benevolence of the prosecutor. Likewise we reject appellant Williams' contention that the prosecution's files should have been open to him. Since a criminal defendant cannot be compelled to incriminate himself, discovery in a criminal trial must necessarily be substantially unilateral. We think that unlimited discovery of the state's files would unduly impair the effective prosecution of criminal cases. On the other hand, since the investigative resources of the state are generally far superior to those of the defendant, a total exclusion of the accused from the evidence gathered by the prosecution also seems unwarranted. We therefore think that the procedure which we adopt in this case is a necessary compromise of the conflicting interests of state and accused.[10]
 
 
 12
 Since appellant does not contest the finding of the courts below that no material evidence has been suppressed, and there is no indication in the record that any such evidence was in fact suppressed, we adhere to our previous decision.[11]
 
 
 13
 Affirmed.
 
 
 
 [1]
 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969)
 
 
 [2]
 Williams v. State, 222 Ga. 208, 149 S.E.2d 449, cert. den., 385 U.S. 887, 87 S.Ct. 184, 17 L.Ed.2d 115 (1966)
 
 
 [3]
 400 F.2d 797 (5th Cir. 1968), cert. denied 393 U.S. 1105, 89 S.Ct. 908, 21 L.Ed.2d 799 (1969)
 
 
 [4]
 The United States District Court found: This Court finds that there is nothing in such statements and records favorable to the defendant Williams and his prayers for relief in this habeas corpus proceeding are denied
 
 
 [5]
 The Court was considering evidence obtained by unlawful means in three separate cases
 
 
 [6]
 394 U.S. at 183 n. 14, 89 S.Ct. at 971
 
 
 [7]
 Defendants, on trial for armed bank robbery, sought discovery of the entire government file. The district judge inspected the material in camera and supplied the defendants with all material favorable to them. In affirming the district court, the Fourth Circuit held:
 Here the problem is uncomplicated by any policy of suppression of the fruits of illegal activity or any need to cloak the victim with the means of assurance that he was not prejudiced in his trial as a result of information illegally obtained by government agents. Here there is no suggestion that the prosecutor's file contained anything obtained directly or indirectly by any illegal activity. The defendant, at best, simply wished an opportunity for a fishing expedition, and, at the worst, to identify prospective government witnesses who might be subject to intimidation. The Alderman principle has no application here.
 408 F.2d 996, 998 (4th Cir. 1969).
 
 
 [8]
 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969)
 
 
 [9]
 394 U.S. at 317, 89 S.Ct. at 1100-1101. See also United States v. Stassi, 431 F.2d 353 (5th Cir. 1970). In Stassi this court refused defendant's attempt to discover records of electronic surveillance judicially determined to be irrelevant, saying that 'Stassi had no right to rummage through the government's files.'
 
 
 [10]
 Williams v. Dutton, supra, 400 F.2d at 800-801
 
 
 [11]
 Our disposition of this case on the merits obviates a discussion of the government's contention that our earlier decision is the law of the case