Jesse Louis JONES, Plaintiff-Appellant,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 71–1679.

United States Court of Appeals,
Ninth Circuit.

May 24, 1971.

Edward L. Cragen (argued), San Francisco, Cal., for plaintiff-appellant.

Clifton White, Asst. U. S. Atty. (argued), Harry D. Steward, U. S. Atty., San Diego, Cal., for defendant-appellee.

Before BARNES, KOELSCH and WRIGHT, Circuit Judges.

PER CURIAM:

This is an appeal from a reinstated judgment of conviction for having illegally imported heroin and illegally concealed marijuana. (See Jones v. United States, 400 F.2d 134 (9th Cir. 1968) and 395 U.S. 462, 89 S.Ct. 2022, 23 L.Ed.2d 445 (1969)). The Solicitor General confessed the possibility of illegal surveillance.

Having read Exhibit 1, sealed by the District Court Judge after he had examined it, and finding from a perusal thereof, as he did (Tr., p. 21, lines 3–5), that the electronic surveillance to which the Solicitor General referred in his representation made to the Supreme Court on the appeal in this case, related in its entirety to a person other than the appellant herein, Jesse Louis Jones, we find and hold "that there was no electronic surveillance of this defendant, Mr. Jones," that therefore no record of any electronic surveillance exists in Exhibit 1 as to which petitioner Jones has

standing to object or to take advantage.

We hold, therefore, that appellant is not entitled to see or read said Exhibit 1; that there exists no taint in the evidence introduced against appellant; that the requirements of Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L. Ed.2d 176 (1969), and Kolod v. United States, 390 U.S. 136, 88 S.Ct. 752, 19 L. Ed.2d 962 (1968) have been fully met and complied with, and that the rule of United States v. Coplon, 185 F.2d 629 (2nd Cir. 1950) (cert den. United States v. Coplon, 342 U.S. 920, 72 S.Ct. 362, 96 L.Ed. 688 (1952) is not applicable.

Alderman v. United States, *supra*, 394 U.S. at p. 184, 89 S.Ct. at p. 972 holds that disclosures in electronic surveillance cases "will be limited to the transcripts of the defendant's own conversations and those which took place on his premises." No such transcripts exist in this case. Exhibit 1 "is not arguably relevant to the evidence offered against the defendant" as the majority opinion in *Alderman* requires (*Id.* at 184, 89 S.Ct. p. 972 at 1164, 89 S.Ct. 1165, 22 L.Ed.2d 297).

 Counsel for appellant suggests that the Solicitor General should be required to advise the Supreme Court of his mistake, and that his error could not be corrected at the District Court level. We point out that in Giordano v. United States, 394 U.S. 310 at 313, the Court's per curiam opinion states that " \* \* \* a finding by the District Court that the surveillance was lawful would make disclosure and further proceedings unnecessary. Similarly, it is not clear that each petitioner has standing to assert the illegality of the surveillance, or of the introduction of its fruits. As in *Alderman, Ivanov,* and *Butenko, these issues are to be resolved by the District Courts in the first instance.*" (Emphasis added.)

Further, Mr. Justice Stewart, in concurring with the majority per curiam opinion carefully points out:

"As we made explicit in *Alderman, Butenko,* and *Ivanov,* the requirement that certain products of governmental electronic surveillance be turned over to defense counsel was expressly limited to situations where the surveillance had violated the Fourth Amendment. We did not decide in those cases, and we do not decide in these, that any of the surveillances *did* violate the Fourth Amendment. Instead, we have left that threshold question for the District Courts to decide in all these cases.

"Moreover, we did not in *Alderman, Butenko,* or *Ivanov,* and we do not today, specify the procedure that the Districts Courts are to follow in making this preliminary determination. We have nowhere indicated that this determination cannot appropriately be made in *ex parte, in camera* proceedings. 'Nothing in Alderman v. United States, Ivanov v. United States, or Butenko v. United States, *ante,* 394 U.S. p. 165, 89 S.Ct. 961, 22 L.Ed.2d 176, requires an adversary proceeding and full disclosure for resolution of every issue raised by an electronic surveillance.' Taglianetti v. United States, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302."

Taglianetti v. United States, 394 U.S. 316, 89 S.Ct. 1099 (1969) states that a defendant is *not* entitled to see transcripts that do not relate to him and contain no conversation of his.

See also the discussion as to United States v. Nardone, 127 F.2d 521, 523 (2d Cir. 1942) cert. den. 316 U.S. 698, 62 S. Ct. 1296, 86 L.Ed. 1767 (1942); Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); United States v. Schipani, 289 F.Supp. 43, 414 F.2d 1262 (2d Cir. 1969); *Taglianetti, supra* and *Giordano, supra*; in the recent case of United States of America v. Friedland, 441 F.2d 855 (2d Cir., decided 4/21/71).

Clearly, the trial judge had authority to reinstate the judgment of conviction, as he did. It was for his determination whether the vacated judgment should re-

main vacated, or be reinstated, that the action was returned to United States District Court by the Supreme Court. See Alderman v. United States, *supra,* and Kolod v. United States, *supra.*

The order of the District Court reinstating the judgment of conviction, is affirmed.

Exhibit 1, introduced below, has been resealed after the examination of its contents, and will remain sealed in the custody of the Clerk of this Court, until further order of this Court, or of the Supreme Court.