**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Larry FOX, Defendant-Appellant.**

**No. 71–2305**

**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

Feb. 2, 1972.

Howard Moore, Jr., Peter E. Rindskopf, Elizabeth R. Rindskopf, Atlanta, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Allen I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

THORNBERRY, Circuit Judge:

This is an appeal from a decision of the district court upholding Fox's conviction and sentence for interfering with a draftee and damaging government property. Fox was previously before this Court as a defendant in Tillman v. United States, 5th Cir. 1969, 406 F.2d 930, wherein his conviction for the above activities was affirmed. The Supreme Court, however, vacated the judgment in part upon the government's confession of electronic eavesdropping, and remanded the case to the district court for further consideration in light of Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969).

On remand Fox moved the district court to require the government to pro-

* █ Rule 18, 5th Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**132**

duce for his inspection the intercept logs involved in the questioned surveillance and to furnish him with the names, current addresses and occupations of all persons who had participated in the surveillance or who had had custody of the intercept logs or other fruits of the surveillance.

In spite of its determination that the government's eavesdropping was illegal [1] and that Fox had standing to contest its validity as a participant in the illegally obtained conversations, the district court denied Fox's request for the names of, and other information regarding, those who had participated in the surveillance and those who had custody of the logs.[2] The court based its decision on an *in camera* inspection of the logs in question, by which it determined that the illegal surveillance had no possible connection with the proceedings against Fox. It is this refusal which forms the subject matter of this appeal.

We believe Alderman v. United States, *supra*, is dispositive. In *Alderman*, as in the instant case, the government had illegally overheard conversations of the defendant. The trial court, after an *in camera* inspection of the intercept logs, determined that the illegal surveillance had no "arguable relevance" to defendant's prosecution and refused the right to inspect on this basis. The Supreme Court, disapproving such a procedure for the protection of defendants' rights, held that defendant was entitled to inspect the intercept logs despite the district court's finding of no arguable relevance, reasoning as follows:

As the need for adversary inquiry is increased by the complexity of the is-

sues presented for adjudication, and by the consequent inadequacy of ex parte procedures as a means for their accurate resolution, the displacement of well-informed advocacy necessarily becomes less justifiable.

394 U.S. at 184, 89 S.Ct. at 972.

Proceeding to an enumeration of the requirements of a full *Alderman* hearing, the Court held:

None of this means that any defendant will have an unlimited license to rummage in the files of the Department of Justice. Armed with the specified records of overheard conversations and with the right to cross-examine the appropriate officials in regard to the connection between those records and the case made against him, a defendant may need or be entitled to nothing else.

394 U.S. at 185, 89 S.Ct. at 973.

■ A defendant who has been illegally overheard thus has not only the right to the intercept logs in question, but also the right to examine the appropriate officials in regard to the connection between the records and the case made against him. As stated previously, the possibility of a connection cannot be refuted solely by the district court's ex parte determination of "no arguable relevance" or "possible connection." [3]

We believe it self-evident that if a defendant has the right to examine these officials in regard to a connection, no matter how tenuous, he must have the right to find out who the appropriate officials are. Only the government knows who committed these secret, ille-

**1.** The district court found, and the government concedes, that the surveillance in question was conducted illegally in violation of 18 U.S.C.A. § 2510 et seq.

**2.** The district court did allow inspection of the intercept logs, in spite of its belief that such was not required under *Alderman.*

**3.** We see no distinction between "no arguable relevance" and "not even the remotest possibility of connection." Both determinations, if they be different at all, can best be made within the adversary process with both parties well-informed and free to argue, not by the ex parte reasoning of a district court acting without the benefit of illuminating controversy.

gal acts; who had access to the information; and to what use the illegally-obtained information was put. The right to know the identity of these officials is the most significant when the intercept logs on their face show no arguable relevance or connection. It is in just such a case that the government will fail to call the officials to the witness stand and thus prevent the defendant from examining them in any manner on how the surveillance fruits were actually used.

We do not have here a situation even remotely similar to United States v. Clay, 5th Cir. 1970, 430 F.2d 165, wherein the Court denied inspection after an *in camera* determination of no arguable relevance on grounds that disclosure would affect national security. Neither is there involved here a request to rummage through all government files in order to determine whether any other tapes can be found containing defendant's voice, as was the case in Taglianetti v. United States, 394 U.S. 316, 89 S. Ct. 1099, 22 L.Ed.2d 302 (1969). The request of Fox in the instant case was specific, relevant to the *Alderman* inquiry in that it was purposed to show that his conviction was tainted by the illegal surveillance, and in no way can be considered to be under the "rummaging" prohibition of *Alderman*. It was, therefore, an abuse of the district court's discretion to deny such request.

The decision of the district court is accordingly reversed and the cause is remanded for a new *Alderman* hearing, at which time the government will be required to furnish Fox with the names of the government officials having access to the intercept logs in question or the fruits of the surveillance, and such other information as will in the district court's opinion afford him the reasonable right of inquiry into the connection between the illegal surveillance and his conviction.