Sallyann STODDARD, Appellant,

v.

UNITED STATES of America, Appellee.

No. 1295, August Term, 1982
Docket 83–6018.

United States Court of Appeals,
Second Circuit.

Argued May 11, 1983.

Decided June 7, 1983.

Richard A. Axelrod, Gensburg & Axelrod, St. Johnsbury, Vt., for appellant.

Peter W. Hall, Asst. U.S. Atty., Rutland, Vt. (George W.F. Cook, U.S. Atty., D. Vt.,

---

George J. Terwilliger, III, Holly K. Harris, Asst. U.S. Attys., Rutland, Vt., of counsel), for appellee.

Before OAKES, CARDAMONE and PIERCE, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion pursuant to 18 U.S.C. § 2518(8)(d) [1] for inspection of all recordings, transcripts, logs, affidavits, applications, orders, and any other materials pertaining to certain interceptions of wire communications. The interception was authorized by a March 16, 1982, order of the United States District Court for the District of Vermont, James S. Holden, then Chief Judge, pursuant to 18 U.S.C. § 2518(3), (4), and extended by order dated April 22, 1982, for an additional thirty-day period. On November 10, 1982, the government served appellant Stoddard with an inventory as required by 18 U.S.C. § 2518(8)(d). Stoddard filed a motion for additional disclosure on November 15, 1982. Following ex parte, in camera submissions by the Government, the district court determined that it was not, in the words of the statute, "in the interest of justice" to order the requested disclosure at that time.

Stoddard initially claimed that she needed such disclosure to determine whether questions that she might be asked at a grand jury proceeding investigating the homicide of a New Jersey State Trooper were derived from illegal interception of her communications. She has since testified before a federal grand jury in Vermont, but claims that she may be required in the near future to appear before a New Jersey state grand jury investigating the same matter.

We note at the outset that Stoddard had no right under 18 U.S.C. § 2518(10)(a) [2] to either inspection of the intercept materials or a plenary suppression hearing prior to her appearance before a grand jury. A witness subpoenaed to testify before a grand jury is not an "aggrieved person" in a "proceeding" within the meaning of that section. *See United States v. Morales,* 566 F.2d 402, 407–08 (2d Cir.1977); *In re Persico,* 491 F.2d 1156, 1161 (2d Cir.), *cert. denied,* 419 U.S. 924, 95 S.Ct. 199, 42 L.Ed.2d 158 (1974). To the extent that *In re Lochiatto,* 497 F.2d 803 (1st Cir.1974) suggests otherwise, we respectfully decline to follow it. Under § 2518(8)(d), however, a district court may, as a matter of discretion, order

1. 18 U.S.C. § 2518(8)(d) provides:

Within a reasonable time but not later than ninety days after the filing of an application for an order of approval under section 2518(7)(b) which is denied or the termination of the period of an order or extensions thereof, the issuing or denying judge shall cause to be served, on the persons named in the order or the application, and such other parties to intercepted communications as the judge may determine in his discretion that is in the interest of justice, an inventory which shall include notice of—

(1) the fact of the entry of the order or the application;

(2) the date of the entry and the period of authorized, approved or disapproved interception, or the denial of the application; and

(3) the fact that during the period wire or oral communications were or were not interpreted.

The judge, upon the filing of a motion, may in his discretion make available to such person or his counsel for inspection such portions of the intercepted communications, applications and orders as the judge determines to be in the interest of justice. On an ex parte show-

ing of good cause to a judge of competent jurisdiction the serving of the inventory required by this subsection may be postponed.

2. 18 U.S.C. § 2518(10)(a) provides:

Any aggrieved person in any trial, hearing, or proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States, a State, or a political subdivision thereof, may move to suppress the contents of any intercepted wire or oral communication, or evidence derived therefrom, on the grounds that—

(i) the communication was unlawfully intercepted;

(ii) the order of authorization or approval under which it was intercepted is insufficient on its face; or

(iii) the interception was not made in conformity with the order of authorization or approval.

... The judge, upon the filing of such motion by the aggrieved person, may in his discretion make available to the aggrieved person or his counsel for inspection such portions of the intercepted communication or evidence derived therefrom as the judge determines to be in the interests of justice.

disclosure of "intercepted communications, applications and orders as the judge determines to be in the interest of justice." The sole question before us is whether the district court abused its discretion in holding that Stoddard's "interests in disclosure [were] outweighed by the Government's interests in avoiding prejudice to an ongoing criminal investigation."

In reaching this conclusion Judge Holden carefully considered both Stoddard's arguments as to the need for disclosure and the harm that such disclosure might work in the context of a continuing homicide investigation. In particular, Stoddard argued that the interception of certain calls made by her to her attorney violated the attorney-client privilege; that extensive media coverage of her involvement in the investigation and her relationship to one Richard Williams, the father of her children and a fugitive sought in connection with the homicide investigation undercut the government's interest in secrecy, as did the government's failure to seek further postponement of the service of the inventory; and that she needed the materials to press a civil action under 18 U.S.C. § 2520 for illegal electronic surveillance.

Our examination of the record, including the materials submitted in camera, leads us to agree with Judge Holden's conclusion in all respects. As to invasion of attorney-client privilege, careful minimization has occurred without intended or actual interference with the communications between Stoddard and her attorney. We reject Stoddard's contention that the government's interest in avoiding disclosure is lessened because of the widespread publicity surrounding her relationship with Williams and her attempts to avoid testifying before the grand jury. The government neither sought nor encouraged this publicity and its interest in preserving the secrecy of undisclosed information as long as Williams is at large is clear. We disagree with Stoddard's argument that because the government could have postponed service of the inventory it has somehow "waived" the right to oppose disclosure of matters not within the scope of the inventory. The purpose of providing an inventory under § 2518 is to alert an individual to the fact that surveillance has occurred; although a court may order further disclosure in its discretion, service of an inventory does not automatically trigger such disclosure. *See Application of the United States of America in the Matter of an Order Authorizing the Interception of Wire Communications,* 413 F.Supp. 1321, 1327 (E.D.Pa.1976).

Stoddard also argues that disclosure is necessary to break what she alleges is a pattern of harassment by both state and federal officials. But the legality of the electronic surveillance is independent of and separable from the allegedly coercive police misconduct. Although § 2520 provides a damages action for illegal surveillance, it does not compel immediate disclosure of the fruits—illegal or otherwise—of such surveillance. To hold otherwise would render meaningless § 2518(8)(d), which vests in the district court the discretion to determine whether disclosure would serve the "interest of justice." Reconciling § 2520 and § 2518(8)(d) "is principally a question of *timing," id.* at 1334–35 (emphasis in original), and Judge Holden's ruling has carefully preserved Stoddard's right to renew her application at a later date should she bring suit under § 2520.

Finally, appellant argues that the in camera inspection of materials selected and submitted by the Government ex parte with its own supporting memoranda was an inadequate and prejudicial basis for decision-making on the instant motions. We disagree. The procedure is established in case law. *See, e.g., Palermo v. United States,* 360 U.S. 343, 354, 79 S.Ct. 1217, 1225, 3 L.Ed.2d 1287 (1959) (in camera inspection appropriate because it would defeat government's interest in nondisclosure "to hold that [individuals] may see statements in order to argue whether [they] should be allowed to see them."); *United States v. Brown,* 539 F.2d 467, 470 (5th Cir.1976) (in camera inspection resolves conflict between defendant's need for evidence and government's "claim of privilege based on the needs of public security"); *In re Applica-*

*tion of the United States for an Order Authorizing Interception of Wire and Oral Communications,* 495 F.Supp. 282, 284 (E.D. La.1980); *see also Taglianetti v. United States,* 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969) (per curiam); *United States v. D'Andrea,* 495 F.2d 1170, 1174 (3d Cir.), *cert. denied,* 419 U.S. 855, 95 S.Ct. 101, 42 L.Ed.2d 88 (1974). In camera inspection is the only practical way simultaneously to preserve the interests of the individual under surveillance and the interest of the Government in preserving the secrecy of ongoing criminal investigations.

Judgment affirmed.