FRANK A. SKIRPAN AND MARY ANN SKIRPAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Skirpan v. Commissioner
Docket No. 12714-81.
United States Tax Court
T.C. Memo 1983-439; 1983 Tax Ct. Memo LEXIS 343; 46 T.C.M. (CCH) 863; T.C.M. (RIA) 83439; July 27, 1983. Frank A. Skirpan and Mary Ann Skirpan, pro se. Howard Philip Newman, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Chief Judge: Respondent determined a deficiency of $1,243 in petitioners' Federal income tax for the taxable year 1977 and an addition to tax under section 6653(a) [1] of $62. The issues for decision are (1) whether petitioners understated their taxable *344 income in 1977; and, if so, (2) whether they are liable for the addition to tax under section 6653(a) for negligence or intentional disregard of respondent's rules and regulations. Both issues are factual. In order to facilitate our disposition of them we will combine the findings of fact and opinion as to each. Some of the facts have been stipulated and are found accordingly. Petitioners Frank and Mary Ann Skirpan (hereinafter Frak and May Ann) are husband and wife. They resided in Philadelphia, Pennsylvania at the time they filed their petition in this case. They filed a joint Federal income tax return for 1977 with the Internal Revenue Service Center in Philadelphia, Pennsylvania. During 1977, Frank owned and operated an automobile repair business in Philadelphia and Mary Ann worked as a housewife. Issue 1: Unreported Income
In his notice of deficiency respondent determined that petitioners failed to report all of their income in 1977. Because of inadequacies in their books and records, respondent's examining agent used an indirect method, i.e., source and application of funds, to reconstruct petitioners' income. Respondent determined that petitioners' sources *345 of funds for 1977 totaled $38,034, while their expenditures for that year totaled $43,429. He also determined that the difference between the two numbers, or $5,395, represented taxable income. In the absence of adequate books and records it is well established that the Commissioner has the authority to compute the income of a taxpayer by whatever method, in the opinion of the Commissioner, clearly reflects income. Section 446(b); Holland v. United States,348 U.S. 121 (1954). The source and application of funds method is clearly an acceptable method. Taglianetti v. United States,398 F.2d 558, 562 (1st Cir. 1968), affd. per curiam on another issue 394 U.S. 316 (1969); Llorente v. Commissioner,74 T.C. 260, 267 (1980), affd. in part and revd. in part 649 F.2d 152 (2d Cir. 1981); see Winston v. Commissioner,T.C. Memo. 1981-345; Ross v. Commissioner,T.C. Memo. 1978-203; Marci Corp. v. Commissioners,T.C. Memo. 1976-273. Petitioners contend that they reported all of their taxable income in 1977. They maintain that the additional income determined by *346 respondent represents loans of money and gifts of food and money from Sophie Skirpan, Frank's mother, and Nellie Zach, Mary Ann's mother. At trial Sophie Skirpan testified that she loaned $15,000 to petitioner in 1970. She also testified that she gave them food and money. Nellie Zach testified that she too gave food and money to petitioners from time to time. Respondent's determination that petitioners failed to report taxable income of $5,395 is presumptively correct and petitioners bear the burden of overcoming this presumption. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioners must prove either that someone else made the expenditures or that the funds they used for the expenditures were obtained from nontaxable sources. Burgo v. Commissioner,69 T.C. 729 (1978); see also Troncelliti v. Commissioner,T.C. Memo. 1971-72; Hernandez v. Commissioner,T.C. Memo. 1982-327. Petitioners have failed to carry their burden of proof. They offered nothing but vague, indefinite testimony. No evidence was presented of any loans from Sophie Skirpan in *347 1977, the year in issue. As to the meals and gifts allegedly donated by the mothers, there is insufficient evidence to convincingly support their testimony. Furthermore, no records, checks, receipts, particular dates, or even estimates of amounts were offered by petitioners. We therefore sustain repondent's determination with respect to the unreported income. Issue 2: Addition to Tax
We turn now to the question of petitioners' liability for the addition to tax under section 6653(a) for negligence or intentional disregard of respondent's rules and regulations. Petitioners have the burden of proof on this issue. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Section 6001 requires that taxpayers maintain adequate books and records. Meneguzzo v. Commissioner,43 T.C. 824 (1965); Stein v. Commissioner,322 F.2d 78 (5th Cir. 1963), affg. a Memorandum Opinion of this Court. See also Lerner v. Commissioner,T.C. Memo. 1965-267; Planken v. Commissioner,T.C. Memo. 1965-117; Wexler v. Commissioner,T.C. Memo. 1955-122. Petitioners testified that their records are adequate. *348 However, they neither produced them nor showed that they were adequate. To the contrary, respondent's agent testified that after a brief examination of petitioners' records he concluded that they were incomplete and inadequate. Accordingly, on this record we sustain respondent's determination as to the section 6653(a) addition to tax. Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩