GEORGE E. ALFORD, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Alford v. Commissioner
Docket No. 9483-83.
United States Tax Court
T.C. Memo 1986-61; 1986 Tax Ct. Memo LEXIS 551; 51 T.C.M. (CCH) 446; T.C.M. (RIA) 86061; February 10, 1986. *551 Joe Lee Wyatt, for the petitioner. Gary F. Walker, for the respondent. GOFFE
MEMORANDUM FINDINGS OF FACT AND OPINION GOFFE, Judge: The Commissioner determined a deficiency in petitioner's Federal income tax of $41,355.40. for the taxable year 1981. The first issue for decision is whether the statutory notice of deficiency issued by the Commissioner showing unreported income earned by petitioner is arbitrary. If we find that the notice of deficiency was not arbitrary, we must decide whether the Commissioner's determination of the unreported income earned by petitioner is incorrect. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and the attached exhibits are incorporated by this reference. George E. Alford (petitioner) resided at the Federal Correctional Institute in Talladega, Alabama, at the time he filed his petition in this case. He did not file Federal income tax returns for the taxable years 1975 through 1981. Petitioner had no legal sources of income from 1975 through the year in issue. During this period of time, petitioner had a substantial drug addiction. He supported himself during this period through *552 the sale of illegal drugs and gambling winnings. On March 17, 1981, petitioner and his wife were stopped by local police while traveling by automobile in Greenville, Mississippi. Police searched petitioner and his car, a 1975 Cadillac, and discovered the following: 2.0 pounds
cocaine
.25 pounds
hashish
2.0 pounds
marijuana
8 guns
various drug paraphernalia including
scales
pocket microscope
strainers
several pieces of gold jewelry and gold
and silver coins
$14,060 in U.S. currency
Petitioner's wife also had several pieces of jewelry and $260 in U.S. currency in her possession. The cocaine had a wholesale fair market value of $64,000. The values of the hashish and marijuana were $322 and $500, respectively. Petitioner was arrested on felony charges of possessing illegal drugs with intent to sell. He subsequently pleaded guilty to the charges and was sentenced to 20 years in prison. The cocaine, hashish, marijuana, and cash discovered by police upon petitioner's arrest were acquired with his earnings from the sale of drugs and gambling during the taxable year 1981. No part of the value of the illegal drugs or the cash *553 represents borrowed amounts or assets acquired in prior years. At the time of his arrest, petitioner maintained two bank accounts with balances of $100 and $1,000. He also maintained safety deposit boxes at several banks throughout the country. One safety deposit box contained $8,000 in cash and some silver coins at the time of his arrest. On January 27, 1983, the Commissioner issued a statutory notice of deficiency in which he determined that petitioner had unreported income for the period from January 1, 1981, to March 26, 1981, totaling $79,621.60. The unreported income was calculated as follows: George Edward Alford Source and Application of Funds for Period 1-1-81 to 3-26-81 Application of Funds: Cash
$14,060.00
Cocaine, two pounds
64,000.00
Hashish, one quarter pound
320.00
Marijuana, two pounds
500.00
Living Expenses Per
Bureau of Labor Statistics
741.60
Total Application of Funds
$79,621.60
Sources of Funds: No Known Sources of Income
Total Sources of Income
Applications Exceed Sources
$79,621.60
Adjusted Gross Income
$79,621.60
OPINION At the outset, we must address petitioner's claim that the statutory notice of deficiency *554 issued by the Commissioner is arbitrary because it lacks sufficient evidentiary support. Ordinarily a determination of deficiency by the Commissioner enjoys a presumption of correctness. Furthermore, in a case before this Court, the burden of proof and the burden of going forward with the evidence ordinarily rest with the petitioner. Welch v. Helvering,290 U.S. 111 (1933); Rule 142, Tax Court Rules of Practice and Procedure. Where, however, it is demonstrated that the statutory notice of deficiency is arbitrary and excessive, the presumption of correctness evaporates and the burden of going forward with the evidence shifts to respondent. Dellacroce v. Commissioner,83 T.C. 269, 280, 287 (1984). Deciding whether the statutory notice of deficiency is arbitrary requires that we look behind the statutory notice to examine the evidence used in making the determination, something this Court, as a general rule, is reluctant to do. Greenberg's Express, Inc. v. Commissioner,62 T.C. 324, 327 (1974). However, in circumstances where the respondent introduced no substantive evidence but rested only upon the presumption of correctness in *555 cases involving unreported illegal income, we have overcome our reluctance, at the urging of petitioner, and have looked behind the notice of deficiency. Shriver v. Commissioner,85 T.C. 1, 3 (1985); Dellacroce v. Commissioner,supra.
In the instant case, however, petitioner failed to raise his challenge as to the validity of the statutory notice in his pleadings. Raising the issue for the first time on brief denied respondent the opportunity to put on evidence at trial supporting the validity of the statutory notice and constitutes unfair surprise and prejudice. Cf. Seligman v. Commissioner,84 T.C. 191, 197-199 (1985). Because the issue was not raised in a timely fashion, it is deemed conceded. Rule 34(b)(4), Tax Court Rules of Practice and Procedure. Consequently, we will not look behind the statutory notice in the instant case, and petirioner bears the burden of proving that the Commissioner's determination of deficiency is incorrect. Having found that the notice of deficiency was not arbitrarily issued, we must decide whether the Commissioner's determination was incorrect. The Commissioner may use any reasonable *556 means of reconstructing income. He is also given greater latitude in choosing which method of reconstruction to apply where the case involves an illegal enterprise in which the taxpayer has failed to file a return and has kept no records. Further, mathematical exactitude in the determination is not required, for, if it were, it "would be tantamount to holding that skillful concealment is an invincible barrier to proof." United States v. Johnson,319 U.S. 503, 517-518 (1943). The Commissioner used a variation of the expenditures method to determine that petitioner expended $64,820 on cocaine, hashish, and marijuana. The Commissioner determined that petitioner expended $741.60 for ordinary living expenses from January 18 1981, until March 26, 1981, based upon Bureau of Labor statistics. The Commissioner also determined that petitioner had additional income in the amount of $14,060 based upon the amount of currency he had at the time of his arrest, [1] resulting in total income for the period from January 1 to March 26, 1981, of $79,621.60. The expenditures method is a permissible method to reconstruct the income of a taxpayer. Taglianetti v. United States,398 F.2d 558, 562 (1st Cir. 1968), *557 affd. 394 U.S. 316 (1969); Burgo v. Commissioner,69 T.C. 729, 742 (1978). Petitioner contends that the source of the currency and drugs found in his possession upon his arrest was not unreported income, but loans from friends and relatives. Petitioner testified that he had supported himself for several years by borrowing money without interest and without terms of repayment from several individuals. Petitioner's wife testified that her family lent petitioner and her a total of $9,500 over a period of years prior to 1981. Two cousins of petitioner, both automotive workers, testified that they had lent a total of $28,000 to petitioner over a period of several years. Petitioner testified that his cousins and the *558 other individuals who lent him money were aware that the loan proceeds were being used by petitioner to support his drug addiction, his gambling habit, and to purchase an automobile. However, petitioner, his wife, and his cousins failed to introduce any contemporaneous records of the alleged loans. Petitioner did not call any other witnesses regarding the loans. Simply stated, we find the testimony of petitioner, his wife, and his cousins to be incredible. Petitioner would have us believe that his only means of support during the period in issue was the alleged loans. His story is inconsonant with the lifestyle of a man supporting a serious drug addiction who was found to have in his possession substantial amounts of cash, jewelry, and drugs, as well as an automobile. More importantly, his story is much less likely true in the face of his admission that he sold cocaine in the past and his conviction for possession of controlled substance with the intent to sell. We are satisfied that the Commissioner correctly determined that petitioner earned the income set forth in the statutory notice. As an alternative argument, petitioner contends that only a portion of the cocaine in *559 his possession belonged to him and that, therefore, the determination of the Commissioner that the cocaine represented $64,000 of unreported income was erroneous. Petitioner argued that he was merely delivering the cocaine on behalf of himself and his co-venturers. His testimony on this subject was confusing and vague. We believe that if this contention were true, petitioner could have provided a much clearer picture of the specifics of the transaction. Although respondent did not introduce any evidence at trial to refute the testimony of petitioner or petitioner's witnesses, we are not bound to accept the uncontradicted testimony of a taxpayer or other interested parties if it is improbable, unreasonable, or questionable. MacGuire v. Commissioner,450 F.2d 1239, 1244 (5th Cir. 1971). We reject petitioner's testimony as being improbable, unreasonable, and questionable. Likewise, we reject the testimony of petitioner's wife and cousins, particularly in light of the potential for bias in their testimony. Because petitioner has failed to meet his burden of proof, we find that the Commissioner correctly determined that petitioner had unreported income of $79,621.60 *560 for the taxable year 1981. Decision will be entered for the respondent.
Footnotes
1. The Commissioner's use of the $14,060 in cash as part of his calculation of unreported income indicates that he is using a combination of the net worth and expenditures methods. Because both methods are essentially the same, this will have no impact on the validity of the Commissioner's determination. See Taglianetti v. United States,398 F.2d 558, 562 (1st Cir. 1968), affd. 394 U.S. 316↩ (1969).