**UNITED STATES of America**

v.

**Vjekoslav SPANJOL, a/k/a "V.J." a/k/a "Slavko;" Bahrudin Bijedic, a/k/a "Burri"; LBS Bank of New York, Inc.; Vinko Mir.**

Crim. A. Nos. 88–516–02, 88–516–03, 88–516–05, 88–516–06.

United States District Court, E.D. Pennsylvania.

Aug. 22, 1989.

---

Michael M. Baylson, U.S. Atty., Thomas J. Rueter, and Paul A. Sarmousakis, Asst. U.S. Attys., U.S. Attys. Office, Philadelphia, Pa., for U.S.

Denver McCarty, Dallas, Tex., for defendant, Vjekoslav Spanjol.

Michael Goode, Lincolnwood, Ill., for defendant, Bahrudin Bijedic.

Jacob Laufer, New York City, and Donald Goldberg, Philadelphia, Pa., for defendant, Vinko Mir.

Kathleen Beggs, and Vincent Fuller, William & Connelly, Washington, D.C., for defendant, LBS Bank of New York, Inc.

## MEMORANDUM AND ORDER

DuBOIS, District Judge.

Defendant Bahrudin Bijedic filed a Motion for Pretrial Discovery on December 9, 1988. Defendants Vinko Mir and LBS Bank of New York, Inc. filed a Motion for Pretrial Discovery and Inspection on February 21, 1989. Defendant Vjekoslav Spanjol has joined in those Motions. The Motions, excepting only one category of discovery—discovery of electronic surveillance on which defendants were overheard—were decided pretrial. At the commencement of the trial on June 19, 1989, the only outstanding issue relating to said motions was the request by defendants for discovery of the electronic surveillance.

In responding to the Motions, the Government advised that conversations of defendants Bijedic, Spanjol and Mir were intercepted by foreign intelligence electronic surveillances conducted pursuant to the Foreign Intelligence Surveillance Act ("FISA"). The Court received briefs from the parties on whether these electronic surveillance materials should be disclosed. In addition, the Court reviewed the sealed *ex parte, in camera* Exhibit submitted by the Attorney General, pursuant to Section 106(f) of FISA, 50 U.S.C. § 1806(f), and listened to tapes requested by the Court.

On the first day of trial, June 19, 1989, after the jury was sworn but before opening statements, the Court denied the Motions for discovery of electronic surveillance and, on the record, summarized its findings in support of the ruling, as follows:

(1) The Government complied in all respects with the provisions of FISA;

(2) The Government obtained all necessary orders from the United States Foreign Intelligence Surveillance Court ("USFISC") and submitted copies of the orders and all necessary affidavits to this Court, including an affidavit of Dick Thornburgh, Attorney General of the United States;

(3) Under FISA, defendants are permitted discovery of materials only to the extent required by due process, i.e., essentially exculpatory materials mandated by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963);

(4) No exculpatory materials were found by the Court in its *ex parte, in camera* review and examination of the documents and other materials;

(5) Discovery of any such materials in this case would reveal the targets of electronic surveillance, thereby compromising intelligence sources and methods and causing harm to the national security of the United States;

(6) The Government has made no direct, indirect or derivative use of any of the FISA materials.

When making the foregoing findings, the Court stated they would be included in more detailed, written findings which would be issued in due course. The following are those findings, made pursuant to Fed.R.Crim.P. 12(e).

### FINDINGS OF FACT

1. FISA was enacted into law on October 25, 1978. Pub.L. 95–511, 92 Stat. 1783 (1978). It establishes a procedure by which the Government can obtain a judicial order authorizing it to conduct electronic surveillance to acquire foreign intelligence information, including information about the activities of foreign powers represented in the United States. Under FISA the Chief Justice of the United States is authorized to designate seven United States District Judges to be members of the USFISC, which hears the Government's applications for electronic surveillance pursuant to the Act. 50 U.S.C. § 1803(a). FISA also provides for appellate review of USFISC orders denying Government applications for surveillance. 50 U.S.C. § 1803(b).

2. As part of the Government's Response to defendants' Motion for Discovery of Electronic Surveillance, the Attorney General of the United States filed an Affidavit and Claim of Privilege, pursuant to 50 U.S.C. § 1806(f). In this affidavit, the Attorney General asserts that it would harm the national security of the United States to disclose or have an adversary hearing with respect to the documents of the US-FISC which are contained in the sealed Exhibit submitted to the Court, and to disclose any additional information relating to the electronic surveillances at issue.

3. The defendants contend that the Attorney General's claim of privilege extends only to the FISA applications and Court orders, and does not cover the logs or transcripts which are the product of the surveillance. The Court finds that the Attorney General's claim of privilege is not so restricted and extends to all information relating to the electronic surveillances, including any FISA tapes, logs, transcripts, or reports derived from the electronic surveillances.

4. The sealed Exhibit submitted by the Attorney General and other materials before the Court demonstrate that the Government, in conducting the electronic surveillances, was engaged in the collection of foreign intelligence, including counterintelligence information. Complete copies of the Government's applications for all such surveillances and the USFISC orders were included in the Attorney General's sealed Exhibit.

5. The Government Attorneys have stated in an affidavit that they have made no direct, indirect or derivative use of any of the surveillance materials at issue in this case.

6. In conducting its review of the logs and reports relating to the electronic surveillances, the Government has found interceptions of conversations of defendants Bijedic, Spanjol and Mir which are minimally relevant to this case. Copies of materials relating to those interceptions have been submitted *ex parte* to this Court. The *ex parte, in camera* submission contained classified affidavits of the Government attorneys who conducted the review. In these affidavits the attorneys described the documents examined and stated that the reviewed materials did not contain any exculpatory information.

7. The Court reviewed and examined *ex parte* the materials relating to the interceptions, including logs, reports and tapes, and finds that none of the materials contains any exculpatory information, although some of the materials are minimally relevant.[1] In reviewing the contents of these materials the Court finds that the documents contain sufficient information and detail to enable the Court to determine the subject matter of these interceptions. The Court also finds that the logs of the intercepted conversations listened to by the Court accurately reflect the subject matter of the conversations and that the intercepted conversations listened to by the Court do not contain any exculpatory information. Since the materials identify the targets of the electronic surveillances at issue, the Court finds that all such materials are covered by the Attorney General's assertion of privilege and need not be disclosed to the defendants or their counsel.

8. FISA requires this Court to review the Government's applications and the USFISC orders authorizing the surveillances to determine whether the surveillances were lawfully authorized and conducted. 50 U.S.C. § 1806(f). Accordingly, the Court has reviewed the relevant materials in the sealed Exhibit and finds that the applications for electronic surveillances set forth all the information that the Act re-

quires. *See* 50 U.S.C. § 1804. The Court also finds that the USFISC orders contained all the findings required by FISA. *See* 50 U.S.C. § 1805.

9. Specifically, the Court finds that the President has authorized the Attorney General to approve applications for electronic surveillance, 50 U.S.C. § 1805(a)(1); the instant applications were made by Federal officers and approved by the Attorney General, 50 U.S.C. § 1805(a)(2); there was probable cause to believe that the targets of the surveillances fell within the definitions of a "foreign power" or "agent of a foreign power" as set forth in 50 U.S.C. § 1801(a) and (b); the facilities against which the electronic surveillances were directed were being used by a foreign power or agent of a foreign power, 50 U.S.C. § 1805(a)(3); the minimization procedures included with the Government's applications and ordered by the USFISC Judges meet the requirements of Section 101(h) of the Act, 50 U.S.C. § 1805(a)(4); and the certifications filed pursuant to Section 104(a)(7) of the Act were not clearly erroneous, 50 U.S.C. § 1805(a)(5). The Court also finds that the orders issued by the USFISC fully satisfied the requirements of Section 105(b) of the Act, 50 U.S.C. § 1805(b).

## CONCLUSIONS OF LAW

■ 1. FISA is constitutional both on its face and as applied to this case. FISA's procedure for obtaining judicial authorization of the Government's electronic surveillance for foreign intelligence purposes interposes a neutral and detached judicial officer between the Government and the target of the surveillance. As such, it satisfies the warrant requirements of the Fourth Amendment. *See, United States v. Megahey*, 553 F.Supp. 1180, 1190 (E.D.N.Y. 1982); *United States v. Falvey*, 540 F.Supp. 1306, 1312 (E.D.N.Y.1982).

■ 2. The Court's *ex parte, in camera* review of the sealed Exhibit submitted

---

1. The defendants renewed their Motions for disclosure of the electronic surveillance materials on August 17, 1989. The Court's finding that the reviewed materials do not contain any exculpatory information is also based upon the

testimony and evidence introduced at the trial thus far, including the Government's entire case-in-chief and several witnesses for the defendants. Therefore, the renewed Motions will be denied.

**59**

by the Attorney General is proper. It is well established that the legality of foreign intelligence surveillance should be determined on an *in camera, ex parte* basis. *United States v. Butenko,* 494 F.2d 593, 607 (3rd Cir.), *cert. denied.,* 419 U.S. 881, 95 S.Ct. 147, 42 L.Ed.2d 121 (1974). This procedure has been uniformly followed by all Courts which have reviewed the legality of electronic surveillances authorized by the Foreign Intelligence Surveillance Court. *United States v. Ott,* 827 F.2d 473, 476 (9th Cir.1987); *United States v. Belfield,* 692 F.2d 141, 147 (D.C.Cir.1982); *United States v. Falvey,* 540 F.Supp. at 1315; and *United States v. Megahey,* 553 F.Supp. at 1193.

3. In *Taglianetti v. United States,* 394 U.S. 316, 317, 89 S.Ct. 1099, 1100, 22 L.Ed.2d 302 (1969), the Supreme Court held that adversary proceedings and full disclosure were not necessarily required "for resolution of every issue raised by an electronic surveillance." *See Alderman v. United States,* 394 U.S. 165, 184 n. 15, 89 S.Ct. 961, 972 n. 15, 22 L.Ed.2d 176 (1969). FISA explicitly mandates *in camera, ex parte* review when the Attorney General files an affidavit under oath stating that disclosure or an adversary hearing would harm the national security. 50 U.S.C. § 1806(f). The Attorney General has filed such an affidavit in this case. FISA permits disclosure in these circumstances "only where such disclosure is necessary to make an accurate determination of the legality of the surveillance." *Id.* The Court finds that such circumstances do not exist in this case.

4. The Court has reviewed the documents submitted by the Government, including the sealed Exhibit and certain tapes requested by the Court, and concludes that the surveillance conducted by the Government is consistent with the orders issued by the USFISC Judges. The Court also finds that the Government was seeking foreign intelligence information and instituted its electronic surveillance as part of its efforts to collect foreign intelligence information.

■ 5. The Court also concludes that the defendants are not entitled to discovery of their conversations intercepted by these FISA surveillances, some of which are minimally relevant to this case. In enacting FISA Congress intended to restrict, as much as constitutionally possible, discovery of FISA materials. H.R.Rep. No. 95–1283, 95th Cong., 2d Sess., Pt. 1, at 94 n. 50. To achieve this end, Congress enacted Section 106(g) of FISA, 50 U.S.C. § 1806(g), which mandates denial of discovery of material relating to lawfully authorized foreign surveillances "except to the extent that due process requires." Thus, to the extent that Fed.R.Crim.P. 16 allows discovery of the prior relevant statements of the defendants beyond exculpatory information constitutionally mandated by *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963) and its progeny, it is inapplicable to discovery of intelligence information collected under the Act.

6. This Court's authority under Section 106(g) of FISA to restrict discovery is buttressed by Fed.R.Crim.P. 16(d), which allows a Court to deny, restrict, or defer discovery upon "a sufficient showing" by a party. Listed among the considerations to be taken into account by the Court is "the protection of information vital to the national security." Fed.R.Evid. 16(d) Advisory Committee's Note (1966).

■ 7. Having examined the materials at issue, the Court finds that the materials do not contain any exculpatory information and that their discovery would reveal the targets of electronic surveillance, thereby compromising intelligence sources and methods. Accordingly, the Court holds that it has authority to restrict discovery of these intercepted conversations under Rule 16(d).

8. Defendants, citing *Ott, Megahey, Falvey,* supra, *U.S. v. Duggan,* 743 F.2d 59 (2nd Cir.1984), argue that they should have access to their prior recorded statements because such discovery has been provided in previous cases involving FISA. The Court finds the holdings in *Ott, Duggan, Megahey* and *Falvey,* to be inapplicable to this case. In those cases, the Government

was actually using the FISA surveillance as evidence in the case. In the instant case, no such use is being made, since to do so would reveal the targets of the electronic surveillance.

9. The Government's sealed Exhibit is very detailed and all parts are fully consistent with the requirements of FISA. The orders authorizing electronic surveillance were based upon applications by the Government that stated ample facts to support a finding of probable cause.

10. Based on the Court's review and examination of the sealed Exhibit, including logs and reports, and the tapes requested by the Court, the Court finds no basis exists for disclosure of the materials to defendants or their counsel.

An appropriate Order to follow.

### ORDER

AND NOW, to wit, this 22nd day of August, 1989, upon consideration of the Motions of defendants, Bahrudin Bijedic, LBS Bank of New York, Inc., and Vinko Mir, joined in by defendant, Vjekoslav Spanjol, for Discovery of Electronic Surveillance Material, denied in open Court prior to the commencement of the trial of this case on June 19, 1989, and renewed on August 17, 1989, and the Response of the United States of America, and after oral argument, IT IS ORDERED that the Motions of defendants, Bahrudin Bijedic, LBS Bank of New York, Inc., and Vinko Mir, joined in by defendant, Vjekoslav Spanjol, for Discovery of Electronic Surveillance Material conducted pursuant to the Foreign Intelligence Surveillance Act is denied.