UNITED STATES, Plaintiff,

v.

**Robert SHAW, Defendant.**

**No. 88 CR 334.**

United States District Court,
N.D. Illinois, E.D.

Nov. 15, 1988.

---

172

Anton R. Valukas, U.S. Atty. by Sheila Finnegan and Barbara Lazarus, Asst. U.S. Attys., Chicago, Ill., for plaintiff.

Robert D. Seeder, Michael T. Mason, Federal Defender Program, Chicago, Ill., for defendant.

## ORDER

BUA, District Judge.

■ The indictment in this case charges defendant with two separate bank robberies. This court denies defendant's motion to sever Counts One and Two of the indictment. By charging defendant with the same type of offense, each of these counts will require the government to prove the same elements. The Seventh Circuit has concluded that this type of similarity justifies joinder under Rule 8(a) of the Federal Rules of Criminal Procedure. *United States v. Archer*, 843 F.2d 1019, 1021 (7th Cir.1988).

■ The court also denies defendant's motion for disclosure of all material favorable to defendant. Thus far, the government has complied with its obligation under the *Brady* and *Giglio* doctrines. Furthermore, the government has indicated that it will continue to provide defendant with any potentially mitigating evidence that it acquires in the future. Nonetheless, contrary to defendant's assertion, the government is under no obligation to procure the criminal histories of the witnesses it intends to call.

In addition, defendant moves to adopt a previously filed motion to declare the Sentencing Guidelines unconstitutional. The government does not oppose defendant's adoption of this motion. Consequently, the court grants defendant's motion to adopt.

■ Finally, this court denies defendant's motion to suppress testimony relating to an out-of-court photo identification. After obtaining a bank surveillance photo taken during the second robbery, government agents showed the photo to some of defendant's friends and relatives, who identified the man in the photo as defendant. Testimony based on such identifications is properly admissible as lay opinion testimony. *See United States v. Jackson*, 688 F.2d 1121, 1123–24 (7th Cir.1982), *cert. denied*, 460 U.S. 1043, 103 S.Ct. 1441, 75 L.Ed.2d 797 (1983).