**UNITED STATES of America, Plaintiff,**

v.

**John J. McDONNELL, Defendant.**

**No. 88 CR 199.**

United States District Court,
N.D. Illinois, E.D.

Nov. 29, 1988.

See also, 696 F.Supp. 356.

Thomas M. Durkin, Asst. U.S. Atty., Chicago, Ill., for plaintiff.

Patrick A. Tuite, Tuite, Mejia & Giacchetti, Chicago, Ill., for defendant.

### · ORDER

ALESIA, District Judge.

The defendant has filed a motion to exclude the financial analysis, charts, and summaries prepared by the Government for use at the upcoming trial of the defendant or, alternatively, to sever the RICO/Hobbs Act/obstruction of justice counts (Counts One through Four)[1] from the tax counts (Counts Five through Seven) for purposes of trial. For the reasons set forth below, both motions are denied.

### A. *Motion to Exclude Financial Analysis, Charts, and Summaries*

Counts Five, Six, and Seven of the indictment charge the defendant with willfully filing false income tax returns for the years 1981, 1982, and 1983. To prove these charges, the Government has indicated that it will employ a "cash expenditures" method of proof. This method "determines the amount of unreported income by 'establishing the amount of [the defendant's] purchases of goods and services which are not attributable to the resources [on] hand at the beginning of the year or to nontaxable receipts during the year.'" *United States v. Marrinson*, 832 F.2d 1465, 1469 (7th Cir.1987) (quoting in part *Taglianetti v. United States*, 398 F.2d 558, 562 (1st Cir. 1968), *aff'd*, 394 U.S. 316, 89 S.Ct. 1099, 22 L.Ed.2d 302 (1969)). The cash expenditures method of proof necessarily entails the use of financial analysis, charts, and summaries and the Government has prepared such materials for use in this case.

The defendant seeks to exclude the Government's financial analysis, charts, and summaries ("financial evidence") on two grounds. First, the defendant contends that admission of the Government's financial evidence would violate Fed.R. Evid. 404(b).[2] Specifically, the defendant argues that the discrepancy between the total dollar amount the defendant allegedly received in bribes (approximately $4,000, as charged in the RICO/Hobbs Act counts) and the total dollar amount of the income the defendant allegedly failed to report on his tax returns for the years 1981, 1982, and 1983 (approximately $31,000, as specifically indicated in the Government's financial analysis, charts, and summaries for the tax counts) will lead the jury to unfairly conclude that the balance of the undeclared income (the difference between the two dollar amounts) also came from bribes or other illegal sources. According to the defendant, this financial evidence, if admitted to prove the tax counts, will result in a prejudicial evidentiary spillover to the RICO/Hobbs Act counts and will, therefore, constitute evidence of other crimes or bad acts, in violation of Fed.R.Evid. 404(b).

In response, the Government correctly points out that its financial evidence is relevant and admissible to prove all counts in the indictment. Indeed, the Seventh Circuit has recognized the use of such financial evidence as part of the cash expenditures method of proving tax evasion charges. *See Marrinson*, 832 F.2d at 1469–70. Thus, this evidence is certainly relevant to prove the charges contained in the tax counts (Counts Five through Sev-

---

1. Although the defendant does not consistently append the obstruction of justice count (Count Four) to the RICO/Hobbs Act counts for purposes of his argument, he does so in portions of his briefs. Thus, we treat the obstruction of justice count as part of this first set of non-tax counts. In the interests of expediency, however, within the text we refer to this first set of non-tax counts as the RICO/Hobbs Act counts.

2. Rule 404(b) of the Federal Rules of Evidence limits the use of evidence of other crimes, wrongs, or acts and provides:

   Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

en). In addition, this financial evidence is relevant to prove knowledge of the racketeering and extortion offenses, intent to commit those offenses, and a plan to conceal the scheme (Counts One through Three). These are permissible purposes under Rule 404(b). *See* Fed.R.Evid. 404(b). Finally, this evidence is relevant to prove the defendant's intent to obstruct justice, as well as his motive for obstructing justice (Count Four). *See United States v. Arnold,* 773 F.2d 823, 833 (7th Cir.1985) (use of other acts evidence to establish background of scheme to obstruct justice is proper and often crucial).

■ In our opinion, the probative value of this evidence substantially outweighs the danger of unfair prejudice to the defendant. Moreover, to the extent that the discrepancy between the dollar amounts of the alleged bribes and the undeclared income might result in an evidentiary spillover, any potential unfair prejudice to the defendant could be cured by appropriate limiting instructions.[3] *See, e.g.,* Federal Criminal Jury Instructions of the Seventh Circuit, § 3.08, p. 29 (1980 & 3d reprint 1986) (instructing the jury that it may consider evidence of other crimes or acts only for a limited purpose); Federal Criminal Jury Instructions of the Seventh Circuit, § 7.03, p. 90 (1980 & 3d reprint 1986) (instructing the jury that each count and the evidence relating to it should be considered separately and that a separate verdict should be returned as to each count). Many courts have recognized the effectiveness of such limiting instructions under similar circumstances. *See, e.g., United States v. Archer,* 843 F.2d 1019, 1023 n. 5 (7th Cir.1988); *United States v. L'Allier,* 838 F.2d 234, 242 (7th Cir.1988). Thus, we reject the defendant's argument under Fed. R.Evid. 404(b) for excluding the Government's financial evidence.

■ As a second ground for his motion to exclude the Government's financial evidence, the defendant argues that one of the Government's financial charts fails to credit him for "thousands of dollars in non-taxable cash sources from gifts as well as cash sources from prior years." According to the defendant, the defendant's wife and mother made I.R.S. agents aware of these non-taxable cash sources during unrestricted interviews and the Government nonetheless failed to account for these sources in its calculations. The defendant contends that the omission of these credits from the chart in question renders the Government's financial evidence unreliable and, therefore, inadmissible. We disagree.

The Government is not obligated to blindly accept the testimony of the defendant's wife and mother, irrespective of how self-serving, undocumented, or unsubstantiated it may be. Instead, the Government is merely obligated to investigate or follow up exculpatory leads provided by the defendant which are reasonably susceptible of verification and which might lead to non-taxable sources of income. *See Holland v. United States,* 348 U.S. 121, 135–36, 75 S.Ct. 127, 135, 99 L.Ed. 150 (1955); *United States v. Chu,* 779 F.2d 356, 364 (7th Cir. 1985). The defendant does not contend that the Government failed to do this.[4] Without more, we decline to hold that the Government's decision to disregard these leads after investigating them renders the Government's financial evidence inherently unreliable. As long as the Government has fulfilled its duty to investigate exculpatory leads, the accuracy and reliability of the Government's financial evidence is a question for the jury, *see Marrinson,* 832 F.2d at 1471, and the defendant will have an adequate opportunity to impeach the accuracy and reliability of this evidence at trial. Consequently, this argument, like the defendant's first argument for exclusion of

---

3. In other words, a limiting instruction should rectify the problem which arises as a result of the discrepancy between the amounts.

4. Contrary to the defendant's urging, *Holland v. United States,* 348 U.S. 121, 75 S.Ct. 127, 99 L.Ed. 150 (1955), does not dictate a different result. *Holland* merely requires the Govern-

ment to investigate the validity of exculpatory leads and states that if the Government fails to do so, the trial judge may consider those leads true and refuse to send the Government's case to the jury. *See Holland,* 348 U.S. at 136, 75 S.Ct. at 135.

the Government's financial evidence, is also unavailing. Accordingly, the defendant's motion to exclude the Government's financial analysis, charts, and summaries is denied.

### B. *Motion To Sever RICO/Hobbs Act/Obstruction of Justice Counts From Tax Counts*

Alternatively, the defendant has moved to sever the RICO/Hobbs Act counts from the tax counts. In deciding whether to grant or deny a severance, we must read Rule 8(a) of the Federal Rules of Criminal Procedure in conjunction with Rule 14 of the Federal Rules of Criminal Procedure and weigh the competing considerations of these rules. *See United States v. L'Allier,* 838 F.2d 234, 240 (7th Cir.1988); *United States v. Isaacs,* 493 F.2d 1124, 1160 (7th Cir.), *cert. denied,* 417 U.S. 976, 94 S.Ct. 3183, 41 L.Ed.2d 1146 (1974). Rule 8(a) promotes judicial economy and efficiency by liberally permitting joinder of two or more offenses in the same indictment if they are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.[5] Fed.R.Crim.P. 8(a). Rule 14, on the other hand, protects a defendant from prejudicial joinder.[6] Fed.R.Crim.P. 14.

■ We first examine those factors which favor joinder under Rule 8(a). In this case, there is a logical and temporal relationship between the RICO/Hobbs Act counts and the tax counts. In the indictment, the defendant is charged with soliciting and accepting bribes and then concealing his wrongdoing by underreporting his income (some of which was presumably received from the bribes) and obstructing the investigation which ensued. The offenses alleged in both sets of charges occurred over the same three-year period and logically constitute parts of a common scheme or plan. As a result of their interrelationship, these charges will undoubtedly have common elements of proof. This type of evidentiary overlap strongly counsels in favor of joinder. *See United States v. Shue,* 766 F.2d 1122, 1134 (7th Cir.1985), *cert. denied,* —— U.S. ——, 108 S.Ct. 351, 98 L.Ed.2d 376 (1987) (quoting *United States v. Rodgers,* 732 F.2d 625, 629 (8th Cir.1984)). So does the public's interest in avoiding expensive and duplicative trials. *See United States v. Archer,* 843 F.2d 1019, 1021 (7th Cir.1988).

Nevertheless, the defendant argues that any benefits which may result from joinder of the RICO/Hobbs Act counts with the tax counts are outweighed by the prejudice that joinder will cause to his defense. As described by the defendant, his dilemma arises from "his preliminary desire to take the stand to deny the RICO/bribery/obstruction charges" and his simultaneous desire to exercise his right to remain silent on the tax counts and, instead, to "rely on defense witnesses to establish an independent source of non-taxable cash income from family, gifts and other cash sources from prior tax years." According to the defendant, this "Hobson's choice" creates the type of prejudice which warrants severance under Rule 14. We disagree.

First, the Seventh Circuit has consistently recognized the propriety of joining tax evasion counts with other counts in the indictment if the other counts generated the unreported income. *See United States v. Oakey,* 853 F.2d 551, 554 (7th Cir.1988) (joinder of tax counts with racketeering and mail fraud counts in Operation Greylord case); *United States v. Anderson,* 809

---

**5.** Rule 8(a) of the Federal Rules of Criminal Procedure provides:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

**6.** Rule 14 of the Federal Rules of Criminal Procedure provides in relevant part:

> If it appears that a defendant or the government is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants or provide whatever other relief justice requires.

F.2d 1281, 1288–89 (7th Cir.1987) (joinder of tax count with mail fraud, Hobbs Act, and racketeering counts). Indeed, in *Anderson,* the court concluded that "the fact that the bribe was only one of three sources of income in the tax count [did] not alter the fact that the tax count was based *in part* on the same transaction which was a basis for one Hobbs Act count and the RICO count." *Anderson,* 809 F.2d at 1288 (emphasis supplied).

This principle applies with equal force to this case. Although the Government can only attribute approximately $4,000 of the $31,000 of undeclared income to bribes, that does not change the fact that the tax counts are based *in part* on the same transactions which form the basis for the RICO/Hobbs Act counts. While Rule 8(a) requires some similarity or logical connection between joined offenses, it "does not require that every piece of evidence of one offense be admissible in a separate trial on the other offense." *L'Allier,* 838 F.2d at 240.[7] Thus, severance is not warranted on this ground.

Second, in cases such as this where the evidentiary overlap is substantial and the charges bear a logical and temporal relationship to each other, the Seventh Circuit has repeatedly rejected a defendant's attempt to defeat joinder by arguing that he wishes to take the stand and testify in his own behalf to some, but not all, of the charges lodged against him. *See, e.g., Archer,* 843 F.2d at 1023; *L'Allier,* 838 F.2d at 241; *United States v. Peters,* 791 F.2d 1270, 1287–88 (7th Cir.), *cert. denied,* 479 U.S. 847, 107 S.Ct. 168, 93 L.Ed.2d 106 (1986). As the Seventh Circuit recently reiterated in *Archer:*

> We have held that 'severance is not mandatory every time a defendant wishes to testify to one charge but to remain silent on another. If that were the law, a court would be divested of all control over the matter of severance and the choice would be entrusted to the defendant' [citations

omitted].... [The] need for severance does not arise 'until the defendant makes a convincing showing that he has both important testimony to give concerning one count and strong need to refrain from testifying on the other' [citations omitted].

*Archer,* 843 F.2d at 1022.

After analyzing the defense posture presented by the defendant in this case, we conclude that he has failed to make the requisite showing. In essence, the defendant proposes to take the stand and negate the charges in the RICO/Hobbs Act counts by assailing the character or credibility of the Government's three primary witnesses. In the defendant's opinion, these witnesses are "three admitted criminals of low character, out to save their own skin, trying to minimize their punishment, shift blame and curry favor with the prosecution...." If that is what the defendant seeks to establish through his testimony, we initially note that the same result could be accomplished through cross-examination of these witnesses. Thus, the defendant's testimony is not the only available means for discrediting these witnesses. He could rely on this trial technique and still remain silent on the charges in the tax counts. Assuming the defendant chose to testify, however, his proposed testimony on the RICO/Hobbs Act counts would be consistent with an exculpatory defense on the tax counts.[8] Hence, the defendant has overlooked the other available option: he can take the stand and deny both sets of charges. Then, he may testify on his own behalf on all charges and additionally rely on the testimony of other defense witnesses to prove the existence of other non-taxable sources of income on the tax counts. In that fashion, he is not forced to forego providing exculpatory evidence through his own testimony or through the testimony of other defense witnesses. *See Peters,* 791 F.2d at 1288 (where the court acknowledged that this was an option available to a defendant who made a similar argument).

---

**7.** As set forth earlier in this opinion, however, this evidence, at least to the extent that it approximates $4,000, is admissible as to all counts in the indictment.

**8.** If one denies that he solicited or accepted bribes, then by implication, he also denies that he failed to report income generated from bribes.

Because the defendant is not restricted to the two options he describes, we remain unconvinced that a severance is warranted under Rule 14 or that a balancing of the competing considerations of Rule 8(a) and Rule 14 does not strongly favor joinder. Accordingly, the defendant's motion to sever the RICO/Hobbs Act counts from the tax counts for purposes of trial is denied.

*Conclusion*

For the reasons stated, the defendant's motion to exclude the Government's financial analysis, charts, and summaries or, alternatively, to sever the RICO/Hobbs Act/obstruction of justice counts (Counts One through Four) from the tax counts (Counts Five through Seven) is denied.