**UNITED STATES of America, Plaintiff,**

v.

**John G. GELLENE, Defendant.**

No. 97–CR–221.

United States District Court,
E.D. Wisconsin.

Sept. 1, 1998.

Steven M. Biskupic, Joseph R. Wall, Milwaukee, WI, for Plaintiff.

Mark L. Rotert, Jeffrey E. Crane, Pamela Pepper, Chicago, IL, for Defendant.

## ORDER

STADTMUELLER, Chief Judge.

On December 9, 1997, a federal grand jury sitting in the Eastern District of Wisconsin issued a three-count indictment charging John G. Gellene with two counts of knowingly and fraudulently making false material decla-

rations under penalty of perjury in violation of 18 U.S.C. § 152, and one count of using a document while under oath knowing that it contained a false material declaration in violation of 18 U.S.C. § 1623. The defendant proceeded to trial, and on March 3, 1998, a jury found him guilty as to all three counts of the indictment. Following the jury determination of guilt, the defendant moved for judgment of acquittal or in the alternative for a new trial pursuant to Rules 29(c) and 33 of the Federal Rules of Criminal Procedure. The parties fully briefed the motion, and the court issued an opinion and order denying• the defendant's motion as to each of his prayers for relief. On July 24, 1998, the court sentenced the defendant to serve a concurrent fifteen-month term of imprisonment as to all three counts of conviction. The court ordered the defendant to voluntarily surrender for his imprisonment on September 15, 1998. The court also sentenced the defendant to pay a $15,000.00 fine and to serve a two-year term of supervised release upon his release from imprisonment.

Following the imposition of sentence, the defendant appealed his conviction and filed a concurrent motion for release pending appeal pursuant to Federal Rules of Appellate Procedure 9(c) and 18 U.S.C. § 3143(b). The government filed a response, and the matter is now before the court for decision.

Section 3143(b) of Title 18 governs the conditions for release for defendants seeking release pending appeal. Although the appellate court is vested with jurisdiction over the case, this court retains jurisdiction for the limited purpose of deciding motions for release pending appeal.[1] Fed.R.App.P. 9; Fed.R.Crim.P. 38(b) & (c).

Section 3143(b) creates a presumption that sentenced defendants should begin serving their sentences unless they establish that they fall within the specific circumstances outlined in the statute. *United States v. Bilanzich,* 771 F.2d 292, 298 (7th Cir.1985). Further, "the burden of showing

1. "Notwithstanding the fact that jurisdiction has passed to the court of appeals, both 18 U.S.C. § 3148 and FRCrP 38(c) [Federal Rules of Criminal Procedure 38(c) ] contemplate that the initial determination of whether a convicted defendant is to be released pending the appeal is to be made by the district court." Fed.R.App.P. 9, advisory committee's note, subdivision (b) (1967).

the merit of the appeal rests on the defendant, not the government." *Id.*

Section 3143(b)(1) of Title 18 states that:

(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

18 U.S.C. § 3143(b)(1).

In applying the above statutory provisions to the defendant's motion, the court agrees with the parties that the defendant is not likely to flee and does not pose a danger to the safety of the community. Therefore, the court determines that the defendant satisfies the requirements for release imposed under subsection (A) of section 3143(b)(1).

Subsection B of section 3143(b)(1), requires that the defendant's appeal raise a substantial question of law or fact likely to result in: (i) reversal; (ii) a new trial (iii) a sentence that does not involve imprisonment; or (iv) a reduced sentence less than the amount of time that the appeal process will take.

▮ Thus, subsection B requires the court to make two determinations, first, whether the defendant's appeal has enough merit so as to be considered "substantial," and second, assuming then that the court of appeals rules in the defendant's favor on that substantial question, whether such a ruling would result in a reversal or an order for a

new trial. *United States v. Bilanzich,* 771 F.2d 292, 298–99 (7th Cir.1985). A "substantial" question is a close question or one that very well could be decided the other way. *Id.,* 771 F.2d at 298. In making an application for release on bond pending appeal, a defendant must show that his appeal likely will result in the reversal with respect to all the counts for which imprisonment was imposed. *Morison v. United States,* 486 U.S. 1306, 1306–07, 108 S.Ct. 1837, 100 L.Ed.2d 594 (1988).

The defendant raises three alleged errors which he believes will result in either a reversal or an order for a new trial. First, the defendant contends that the court erroneously instructed the jury regarding the meaning of "fraudulent intent" within the ambit of 18 U.S.C. § 152, the crime charged in counts one and two. Second, the defendant argues that the government failed to prove that the defendant "used a document" within the meaning of 18 U.S.C. § 1623, the crime charged in count three. Third, the defendant believes that the court erroneously allowed the government to introduce Rule 404(b) evidence regarding his failure to obtain a valid bar membership throughout a seven-year period during which he practiced law.

### Definition of Fraudulent Intent

▮ The defendant first raised his concerns regarding the definition of "fraudulent intent" during the jury instruction conference which took place before the court instructed the jury. After considering the party's written submissions and arguments in open court, the court ruled that as used in 18 U.S.C. § 152, the term "fraudulently" does not require that the defendant act with intent to achieve a pecuniary gain. Tr. at 1277. In making the ruling, the court found that the defendant presented neither binding nor persuasive authority to support his definition of fraudulent intent. *Id.* The court further found that including the defendant's "pecuniary gain" element would be "entirely misleading to the jury." *Id.*

▮ On appeal, the standard for reviewing a jury instruction is whether the instruction, taken as a whole, failed to treat the issue "fairly and adequately." *United*

*States v. Pribble,* 127 F.3d 583, 588 (7th Cir.1997). For purposes of obtaining release pending appeal, the defendant bears the burden of showing the merit of that appeal. *Bilanzich,* 771 F.2d at 298–99. The defendant has not met that burden. In his motion, the defendant asserts that "[b]ecause this case is unprecedented, Gellene submits that the Seventh Circuit will be presented with a substantial question concerning the jury instruction as given in the context of this case." Supplemental Brief in Support of Defendant's Motion for Bond Pending Appeal at 3. However, the defendant does not cite any authority indicating that the court erroneously instructed the jury. *Id.* at 2–4. A defendant cannot secure his release on appeal by simply presenting an unsupported and novel argument. *Bilanzich,* 771 F.2d at 299. Because the defendant does not cite to any authority supporting his proposed version of the jury instruction, he has not met his burden of showing that the given instruction failed to fairly and adequately define fraudulent intent.

Additionally, the defendant does not show how his version of the instruction would likely result in a reversal or new trial. During the jury instruction conference, the court determined that the jury could find from the evidence that the defendant did enjoy a pecuniary gain as the result of his misstatements to the bankruptcy court. Tr. at 1277. Therefore, using either definition, the government offered enough evidence to allow the jury to find that the defendant acted with fraudulent intent within the meaning of 18 U.S.C. § 152. The defendant's appellate arguments as to counts one and two do not create a substantial likelihood that the appeal will result in a reversal or an order for a new trial.

### Definition of Use of a Document

 The defendant contends that the government failed to show that he "used a document" within the meaning of 18 U.S.C. § 1623. The defendant argues that he did not "use" his supplemental declaration during the fee application hearing in question because he only identified the document after Mr. Gelfand, his co-counsel, asked him questions about the document on direct examination during a fee application hearing before the bankruptcy court.

The defendant raised an identical "use of document" argument in his post conviction motion. In ruling on that motion, the court examined whether there was a difference between merely identifying a document and using a document within the ambit of 18 U.S.C. § 1623:

> [I]n *United States v. Dudley,* 581 F.2d 1193 (5th Cir.1978), the prosecutor showed documents to the defendant in court, and she later identified them as authentic documents, although she knew that they were false. *Id.* at 1197.... The *Dudley* court noted that it would be a closer question if a defendant merely identified documents in court which were not false but merely contained false statements, but it did not express an opinion on that scenario. 581 F.2d at 1198 n. 3. However, in such a situation the Tenth Circuit upheld the perjury conviction of a defendant who merely submitted evidence to a grand jury with knowledge that the evidence contained false statements. *United States v. Larranaga,* 787 F.2d 489 (10th Cir.1986).

April 3, 1998 order at 5 (citing February 9, 1998 order at 10 n. 4). In this case, the defendant's involvement with the false declaration extended well beyond the hypothetical situation envisioned by the Fifth Circuit in *Dudley* and fell squarely within the factual setting which led to a conviction in *United States v. Larranaga.*

The defendant in *Larranaga* presented a grand jury with documents which he did not personally prepare, but which he knew to be incomplete. *Larranaga,* 787 F.2d at 492–93. The Tenth Circuit upheld his conviction, finding that the trier of fact may look to the circumstances surrounding the defendant's use of a document in determining whether the defendant knew that the document contained fraudulent information. *Id.* at 495. The Tenth Circuit further found that the defendant's knowledge that the documents contained fraudulent material satisfied the *mens rea* element contained within 18 U.S.C. § 1623. *Id.* at 496.

In the instant case, the court determined that "it was Mr. Gellene who put the affidavit and materials together, did the outline for Mr. Gelfand, and his fingerprints [figurative-

ly] are all over this particular disclosure statement." April 3, 1998 order (citing Trial Transcript at 936). Therefore, the defendant's extensive involvement with the fraudulent document provided the jury with sufficient evidence to find that the defendant knew that the declaration contained false information. The defendant has not raised a substantial question as to the definition of the word "uses" as it appears in the text of 18 U.S.C. § 1623.

As to the defendant's "novelty of the issue" argument, even though the Seventh Circuit has never ruled on this specific fact scenario, Gellene has not raised a substantial question for purposes of his release pending appeal. As the Seventh Circuit stated in *Bilanzich,* "a question might be novel or without controlling precedent but so obviously wrong that no court previously has had to address the question." 771 F.2d at 299 (quoting *United States v. Giancola,* 754 F.2d 898, 901 (11th Cir.1985)) (per curiam). The court seemingly has engaged the defendant in an endless dialogue in which the defendant ignores the court's comments by continually raising the same point only to have it rejected in a déjà vu fashion. Much like Drizella trying to wedge her foot into the glass slipper, the defendant has sought to wedge the facts of his case within the limited hypothetical situation raised in footnote 3 of the *Dudley* decision. 581 F.2d at 1198 n. 3. However, the Tenth Circuit's decision in *Larranaga* thwarts Gellene's contortionist aspirations. 787 F.2d at 492–96. The defendant has not raised a sufficiently substantial question obliging the court to deny his motion for release as to his "use of a document" argument.

### Admissibility of Rule 404(b) Evidence

Finally, the defendant contends that the court erroneously allowed the government to introduce evidence that for a seven year period, he practiced law in New York without gaining admission to the New York Bar. The court first resolved the issue of the admissibility of the bar membership evidence before the opening statements were given at trial. At that time, the government sought to introduce the evidence pursuant to Federal Rule of Evidence 404(b), arguing that the evidence would help the jury to determine the defendant's intent in failing to disclose his conflicts of interest to the bankruptcy court. After hearing the arguments, the court issued an abridged decision, holding that the government would be allowed to introduce the evidence.[2] Transcript at 21–33. The court ruled that the bar admission evidence should be admitted because

to find otherwise would put any court in the position of taking the head-in the-sand approach and allowing as a defense to any course of conduct an approach of attempting to suppress it [the knowledge of wrongdoing], put it out of one's mind, thereby negating the intentional conduct. And I don't find that under the facts of that course of conduct, when related to the course of conduct in this case, to be so far afield and not within the ambit of 404(b) and 403 to require that the evidence be excluded from consideration by the jury.

Transcript at 32.

In deciding the defendant's motion for release pending appeal, the court has the benefit of viewing the evidence of the defendant's lack of a bar admission against the backdrop of the totality of the evidence presented at trial. The court finds that the jury appropriately evaluated the evidence of the defendant's lack of New York Bar membership in determining whether the defendant's failure to disclose his conflicts of interest arose out of carelessness or by design. The evidence was highly probative and the court did not abuse its discretion in admitting the evidence as it applied to the defendant's intent.

Generally speaking, the two requirements lawyers must meet to represent clients in bankruptcy cases are appropriate bar membership and freedom from conflicts of interest which would preclude them from undertaking the representation. The defendant was accused of purposely overlooking both of these requirements in an effort to gain preferred engagements or to retain clients. In a similar case, the Sixth Circuit found that an

---

**2.** The court eventually placed the balance of its reasoning and decision on the record, located in the transcript at pages 1476–84.

 

attorney's prior failure to file a necessary document with the government in his own life (his income tax returns) was admissible as probative evidence on the issue of the defendant's intent to deceive the government in the representation of a client. *United States v. Jerkins*, 871 F.2d 598, 604 (6th Cir.1989). In making this determination, the Sixth Circuit found that the lawyer's failure to file his own income tax returns was substantially similar to the charged crime of helping a client frustrate the government's tax collection efforts. *Id.* Just as Jerkins twice deceived the IRS, Gellene twice (in Milwaukee and in Colorado) deceived the bankruptcy court. Furthermore, Jerkins's prior bad act of making money without filing tax returns is akin to Gellene's prior bad act of practicing law without a license. Therefore, because the defendant's prior failure to obtain his bar membership is sufficiently similar to the act of neglecting to disclose conflicts of interest, the court appropriately admitted the evidence pursuant to Rule 404(b).

The court instructed the jury that the evidence of the defendant's bar admission should only be considered for the limited purpose of determining his intent. Jury Instructions at 9. Limiting instructions regarding Rule 404(B) evidence can effectively cure "spillover" prejudicial effect. *See United States v. McDonnell*, 699 F.Supp. 1348, 1350 (N.D.Ill.); *United States v. Archer*, 843 F.2d 1019, 1023 n. 5 (7th Cir.1988), *see also United States v. Easley*, 994 F.2d 1241, 1246 (7th Cir.1993) (holding that the court should presume that the jury follows curative instructions).

Therefore, the court finds no indication that it abused its discretion in admitting the evidence of the defendant's failure to obtain proper admission to the New York Bar. The defendant's arguments as to the Rule 404(b) evidence fail to raise a "close question or one that very well could be decided the other way." *Bilanzich*, 771 F.2d at 298. The defendant has not raised a substantial question, and the court will not grant the defendant's motion for release pending appeal.

Accordingly,

**IT IS ORDERED** that the defendant's motion for release on bail pending appeal be and the same is hereby **DENIED.**