**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RAYMOND I. COOKS,
             *Petitioner-Appellant,*

v.

A. C. NEWLAND, Warden,
             *Respondent-Appellee.*

No. 03-56326

D.C. No.
CV-00-00541-VAP

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, District Judge, Presiding

Argued and Submitted
October 8, 2004—Pasadena, California

Filed January 19, 2005

Before: J. Clifford Wallace, Thomas G. Nelson, and
Kim McLane Wardlaw, Circuit Judges.

Opinion by Judge Wallace

**COUNSEL**

Andrew E. Rubin, Los Angeles, California, for the petitioner-appellant.

David F. Glassman, Deputy Attorney General, Los Angeles, California, for the respondent-appellee.

**OPINION**

WALLACE, Senior Circuit Judge:

State prisoner Cooks appeals from the district court's judgment denying his petition for a writ of habeas corpus. He argues that the California Court of Appeal unreasonably applied *Faretta v. California*, 422 U.S. 806 (1975), and *Gideon v. Wainwright*, 372 U.S. 335 (1963), when it affirmed his robbery convictions. Cooks contends that the state trial court should not have consolidated two separate criminal cases in which he was a defendant, representing himself in one case and represented by counsel in the other. He asserts that this improperly forced him to choose between invoking his constitutional right to self-representation, as recognized in *Faretta*,

or his *Gideon* right to counsel on both charges. The district court had jurisdiction pursuant to 28 U.S.C. § 2254, and we have jurisdiction over this timely appeal pursuant to 28 U.S.C. § 2253. We affirm.

I.

Cooks robbed James Fleming and Ignacio Suarez separately. The two robberies were conducted within 15 days under similar circumstances: both involved the use of a gun, both occurred in daylight, and both victims had just withdrawn cash from the same bank branch.

Fleming identified Cooks from a photographic lineup, and the State of California charged Cooks with robbery (Fleming Case). Cooks was granted permission to represent himself.

Suarez also identified Cooks from a photographic lineup. The state charged Cooks with robbery in a separate case (Suarez Case). A public defender was appointed.

The Fleming Case and the Suarez Case initially proceeded separately, with Cooks representing himself in the former and represented by appointed counsel in the latter. The state moved to consolidate the two cases. *See* Cal. Penal Code § 954 ("An accusatory pleading may charge two or more different offenses connected together in their commission, or different statements of the same offense or two or more different offenses of the same class of crimes or offenses, under separate counts, and if two or more accusatory pleadings are filed in such cases in the same court, the court may order them to be consolidated"). Cooks objected to consolidation, arguing that it would "improperly force him to choose between giving up his right to represent himself in the Fleming [C]ase or giving up his right to appointed counsel in the Suarez [C]ase." The trial court consolidated the cases over Cooks' objection, and told Cooks that he would have to decide whether to represent himself or proceed with counsel in the consolidated case.

Cooks initially chose the public defender but later decided to represent himself, which he did throughout the trial.

A jury convicted Cooks of both robberies. Cooks appealed on a number of grounds, including that the consolidation motion was improperly granted, but the California Court of Appeal affirmed his conviction. With respect to Cooks' objection to the consolidation, the Court of Appeal stated:

> On this appeal, [Cooks] contends the charges should not have been consolidated because the consolidation compelled a choice he should not have had to make. This is a non-issue.
>
> The charges were properly consolidated because the crimes (armed robberies based on virtually identical facts) were offenses of the same class that could have been joined in the first instance. (PEN. CODE, § 954; *People v. Hill* (1995) 34 Cal.App.4th 727, 734.) Had the two robberies been filed as one case, Cooks could have sought severance — but it would have been his burden to show there was a substantial danger of prejudice if the charges were not separately tried. (*People v. Bean* (1988) 46 Cal.3d 919, 938.) Cooks offers no authority (and we know of none) to suggest that, in either event (severance or consolidation), a defendant's desire to represent himself as to one robbery but not the other is the sort of "prejudice" required to compel severance or to compel the denial of a motion to consolidate.
>
> Once the charges were properly joined, Cooks — as he would in any case — had the right to decide whether to represent himself or whether to have counsel represent him. To conclude that Cooks could prevent joinder by a demand for pro. per. status as to one charge and a demand for counsel as to the other would divest the trial court of all control over the

matter of severance and entrust the choice to the defendant. That we will not do. (*See U.S. v. Archer* (7th Cir. 1988) 843 F.2d 1019, 1022.) In any event, the rule that Cooks urges upon us makes no sense. For example, what would happen if Cooks got his severance but then changed his mind about the attorney representing him in [the Suarez Case]? If Cooks timely asked for pro. per. status in [the Suarez Case], could the cases be rejoined? Conversely, if he got tired of exercising his *Faretta* rights in [the Fleming Case] and decided instead to exercise his right to counsel in that case, could [the Fleming and Suarez Cases] be rejoined? We could go on, but we think this makes the point.

After the California Supreme Court summarily denied Cooks' petition for review, Cooks filed a federal petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that "[t]he trial court violated petitioner's constitutional rights by consolidating two separate cases, one where he represented himself and one where he was represented by appointed counsel, and forcing petitioner to choose between representing himself on both charges or being represented by the public defender's office on both charges." The district court denied Cooks' petition.

## II.

We review the district court's judgment denying Cooks' application for a writ of habeas corpus de novo. *See Nulph v. Cook*, 333 F.3d 1052, 1056 (9th Cir. 2003). Pursuant to 28 U.S.C. § 2254(d)(1):

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State

court proceedings unless the adjudication of the claim—

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]

The Supreme Court has explained the meaning of the statutory phrases "clearly established," "contrary to," and "unreasonable application," as follows:

> Section 2254(d)(1)'s "clearly established" phrase refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision. In other words, "clearly established Federal law" under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision. . . .

> First, a state court decision is contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases or if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent. . . .

> Second, under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. The state court's application

of clearly established law must be objectively unreasonable.

*Lockyer v. Andrade*, 538 U.S. 63, 71-72, 73, 75 (2003) (internal quotations, alterations, and citations omitted).

**[1]** In this case, the relevant "clearly established" Supreme Court law is *Faretta v. California* and *Gideon v. Wainwright*. *Faretta* held that a criminal defendant has a Sixth Amendment right to represent himself. 422 U.S. at 807. *Gideon* held that the Sixth Amendment requires the state to appoint counsel for indigent criminal defendants. 372 U.S. at 343-45. As the Court has stated, "the right to self-representation is not absolute." *Martinez v. Court of Appeal*, 528 U.S. 152, 161 (2000). That right cannot be "a license not to comply with relevant rules of procedural and substantive law," and a trial court may terminate self-representation where a defendant "deliberately engages in serious and obstructionist misconduct." *Faretta*, 422 U.S. at 834 n.46. The trial court may also, "even over objection by the accused - appoint a 'standby counsel' to aid the accused." *Id.* Standby counsel may then participate in trial proceedings, without the express consent of the defendant, so long as the participation does not "seriously undermine[ ]" the "appearance before the jury" that the defendant is proceeding pro se. *McKaskle v. Wiggins*, 465 U.S. 168, 187 (1984). Therefore, "the government's interest in ensuring the integrity and efficiency of the trial at times outweighs the defendant's interest in acting as his own lawyer." *Martinez*, 528 U.S. at 162.

**[2]** The state court's decision was not "contrary to" *Faretta* or *Gideon*. As Cooks concedes, neither of those cases, nor any other Supreme Court decision, "holds that the right to an attorney or the right to represent oneself prevents a joinder of two separate cases." The state court therefore did not " 'appl[y] a rule that contradicts the governing law set forth in [the Supreme Court's] cases.' " *Lockyer*, 538 U.S. at 73, *quoting Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

The next issue is whether the California Court of Appeal decision rejecting Cooks' claim was an "unreasonable application" of *Faretta* or *Gideon*. Cooks concedes that if the two charges had been brought initially in a single case, he would have no unqualified right to compel severance so that he could represent himself on one count and have counsel on the other. He also does not argue that the consolidation caused him prejudice. However, he contends that once the state chose to proceed against him in two separate cases, and he invoked *Faretta* in one case and *Gideon* in the other, it was objectively unreasonable for the state court to conclude that *Faretta* and *Gideon* did not preclude consolidation, regardless of prejudice.

**[3]** That Cooks could not exercise his *Faretta* right in the Fleming Case without giving up his *Gideon* right in the Suarez Case, and vice versa, does not render the state court's action constitutionally impermissible. As we stated in the context of a challenge to the voluntariness of a waiver of the right to counsel, "there is no authority for the proposition that [a defendant] is entitled to an absolutely unconditional choice between exercising his right to counsel and his right to self-representation." *United States v. Robinson*, 913 F.2d 712, 715 (9th Cir. 1990).

**[4]** Indeed, Cooks recognizes as much. At oral argument, Cooks' counsel conceded that if the state, instead of moving to consolidate, had voluntarily dismissed both cases without prejudice and filed a new indictment including both counts, no *Faretta* or *Gideon* problem would have arisen. Cooks' argument, then, is not that the state could not seek to combine the two cases, but just that it could not do so through a consolidation motion. The California Court of Appeal was not objectively unreasonable in concluding that the principles established in *Faretta* and *Gideon* do not turn on such procedural niceties.

AFFIRMED.